FILED

2017 AUG -4  AM 10: 27

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

NIVODETH KHIEV
2550 Chestnut Avenue
Long Beach, CA  90806
(310) 402-3200

Defendant in Pro Per

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

SOCHEAT CHY                                          )
                                                     )
        Plaintiff,                                   )   CASE No.: 2:17-cv-04325 BRo (A G Rx)
                                                     )
    vs.                                              )   ANSWER OF DEFENDANT
                                                     )   NIVODETH KHIEV
SING LIM; RAY LIM; TIFFANY NGO;                      )
NGO ASSET MANAGEMENT, LLC;                           )
TIFFANY NGO IN HER CAPACITY AS                       )
TRUSTEE OF THE TIFFANY NGO                           )   **DEMAND FOR JURY TRIAL**
LIVING TRUST UTD; NAING LAM YAM;                     )
JANE DOE 1; CINDY KANYA CHAN;                        )
MOLICA RATHA KEO; NIVODETH                           )
KHIEV; DOE GAS STATION 2; DOE GAS                    )
STATION 3; DOE LAUNDROMAT 4; and                     )
DOES 5 through 10,                                   )
                                                     )
                                                     )
        Defendants,                                  )
_____                     )

        Comes now, Defendant, NIVODETH KHIEV, in answering the

Complaint on file herein alleges as follows:

        1.      Defendant denies each and every allegation contained in the

Complaint except those expressly admitted below.

        2.      Defendant admits the jurisdiction is based under U.S.C. § 1331  since

Plaintiff allegedly claims that Defendants violate of federal statutes 18 United States

-1-
UNITED STATES DISTRICT COURT-ANSWER TO COMPLAINT

Code Sections 1584, 1589, 1590, 1593A and 1595 (a), as well as 29 United States Code Sections 206 and 207.

3.    Defendant admits that pursuant to 28 U.S.C Section 1391(b), venue is proper in the United States District Court of the Central District of California.

4.    Defendant admits that Mr. Naing Lam Yam did bring his wife, Socheat Chy, plaintiff in this action, to Long Beach to live in the house that she's owned for approximately six months from October 2013 to April 2014. Defendant's house located at 2550 Chestnut Avenue, Long Beach, CA 90806. The house has three bedrooms. Defendant occupies one room; her mother, MOLICA RATHA KEO occupies the other, and the remaining room has been renting out to Naing Lam Yam for $550.00 per month since September 2001. Please see Exhibit "A"

## Affirmative Defenses

5.    For a further answer to Plaintiff's Complaint and by way of affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

6.    As a separate and distinct First Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that the Complaint and said causes of action fail to state facts sufficient to constitute and cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

7.    As a further, separate and distinct Second Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that the Plaintiff

failed subsequent to the occurrence described in his Complaint to properly mitigate the damages and thereby is precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on the Plaintiff's part.

## THIRD AFFIRMATIVE DEFENSE

8.    As a further, separate and distinct Third Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that the Plaintiff voluntarily and with full knowledge of the matters referred to in said Complaint assumed any and all of the risk, hazards, and perils of the circumstances referred to in said Complaint and, therefore, assumed the risk of any injuries or damages sustained by said Plaintiff, if any at all.

## FOURTH AFFIRMATIVE DEFENSE

9.    As a further, separate and distinct Fourth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that this incident was caused by the negligence and/or fault of other persons, corporations, and entities of both parties and non-parties to this action, whether named or not named and that Defendant's liability, if any, should be reduced accordingly.

## FIFTH AFFIRMATIVE DEFENSE

10.    As a further, separate and distinct Fifth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that said Complaint is barred by the Statute of Limitations; to wit, sections 337.1, 338, 339, 340, and 343 of the California Code of Civil Procedure; and section 17208 of the California Business & Professions Code.

## SIXTH AFFIRMATIVE DEFENSE

11.     As a further, separate and distinct Sixth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that Defendant had no independent knowledge, as of the filing of this answer, of the facts allegedly constituting the cause of action in Plaintiff's Complaint, and based thereon, hereby respectively requests leave of Court to amend this Answer to include those affirmative defenses that are revealed during the course of Defendant's discovery.

### SEVENTH AFFIRMATIVE DEFENSE

12.     As a further, separate and distinct Seventh Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that pursuant to Civil Code Section 55, in the event Defendant prevails in this action, Defendant shall be entitled to recover reasonable attorneys' fees as and for the defense of this matter, and Defendant hereby alleges entitlement by reason thereof to attorneys' fees and reasonable costs in this action.

### EIGHTH AFFIRMATIVE DEFENSE

13.     As a further, separate and distinct Eighth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that as a consequence of the conduct of or attributable to Plaintiff in connection with the alleged incident which is subject to this litigation and the bringing of this claim, Plaintiff is estopped from securing any relief from Defendant

**WHEREFORE**, Defendant prays:

1.     That Complaint be dismissed with prejudice,

2.     That Plaintiff take nothing by way of their complaint,

-4-

UNITED STATES DISTRICT COURT-ANSWER TO COMPLAINT

3.    That Defendant have and recover its cost of suit, including attorneys'

fees, and

4.    For such other and further relief as the Court deems just and equitable.

Dated: August _3_, 2017        By: _____

                                   Nivodeth Khiev
                                   Defendant in Pro Per

-5-

UNITED STATES DISTRICT COURT-ANSWER TO COMPLAINT

**DECLARATION OF NIVODETH KHIEV** Exhibit _____ A_____

I, NIVODETH KHIEV, declare:                    Page ____ 1 __ of 3

1.  I am one of the Defendants in this action and I am submitting this Declaration in support of my answer to the complaint filed by Socheat Chy (Chy). I am personally familiar with the facts stated herein, except those stated upon information and belief and as to those I believe them to be true. If called upon as a witness, I would and could competently testify thereto.

2.  I am the owner of a single family residence located at 2550 Chestnut Avenue, Long Beach, CA 90806. The house has three bedrooms. I occupy one room; my mother, Molica Ratha Keo (Keo) occupies the second room. The third room has been rented out to Naing Lam Yam (Naing) since September 2001 with the monthly rent of $550.00.

3.  In or about October 2013, Naing brought his wife, Chy, plaintiff in this action, to live with him in the rented room. I later learned that despite Chy had arrived in the United States in June 2013, he was not allowed to live with Chy. Rather, Naing's sister, Sing Lim had picked Chy up from the Los Angeles International Airport on the date of her arrival and took Chy directly to her Palmdale residence. I further learned that Chy was immediately thereafter put to work for Sing Lim's family businesses in Lancaster, California. However, a few months after her arrival, Naing was asked by Chy to take her away from his sister's businesses. That was the reason Naing brought Chy to Long Beach and stayed with him. Naing's wife lived in my house for approximately six (6) months from October 2013 to April 2014.

4.  During the period when Chy was living in my house, I was working for Mr. Michael Hauser, the owner of the Supply Distribution and Information Network Company located at 1517 S. Robertson Blvd., Los Angeles. I was a fulltime employee and I spent almost 10 to 12 hours a day from 8am to 7pm at my job.

DECLARATION OF NIVODETH KHIEV

5. At no time I'd ever asked Chy to perform any work at my house, nor restricted her from leaving the house.  However, I believed that since she was a newcomer to this country with little or no English, she was so afraid to leave the house.  In addition, her husband told me that for her own safety, he did warn her for not to go out of the house because his sister may find out that she escaped and was living with him.

6. I have known Naing for many years and I considered Naing as one of my family member instead as my tenant.  As such, I had never raised his rent since 2001.  For the same reason, I did not ask Naing for additional rent money when she moved in to live with him.  On occasions I gave Chy some money to spend because I was aware that Naing is disabled and is on a limited income from SSA.  The amounts I gave her was not much, sometime $20 here, other time $20 there or at time a whole $100 bill if I had no change.  I felt bad for her. Once or twice, from the heart, I asked my mother to bring $500 to help Chy's family in Cambodia because her family was very poor. I also recalled that twice, I paid her phone bills that amounted from $200 and $1,300.00.  She had used my phone to make long distance and international calls to her relatives in Cambodia.

7. Anything that Chy had done at my house while she stayed, such as cooking, sweeping, stocking the refrigerator, cleaning house and/or cleaning the yard, if any, was voluntary in return for the hospitality that my mom and I had provided.  While staying at my house, Chy had always said that she wanted to become my mother's god daughter.  We were nice to her and tried to help her as much as we could while she was alone in this country.

8. At no time had I physically or verbally abused, forced, or confined Chy in any manners or was I involved in with any illegal human trafficking, recruiting illegal aliens that involved Chy or other human beings.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Exhibit ___A___**

**Page __2__ of __3__**

DECLARATION OF NIVODETH KHIEV

1

Executed on August 3, 2017, in Long Beach, CA.

**Exhibit** _A_

2

**Page** _3_ **of** 3

3

4  Nivodeth Khiev

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF NIVODETH KHIEV