FILED

NAING LAM YAM
2550 Chestnut Avenue
Long Beach, CA 90806
(562) 607-4017

2017 AUG -4 AM 10:26

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

Defendant in Pro Per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SOCHEAT CHY

    Plaintiff,

vs.

SING LIM; RAY LIM; TIFFANY NGO;
NGO ASSET MANAGEMENT, LLC;
TIFFANY NGO IN HER CAPACITY AS
TRUSTEE OF THE TIFFANY NGO
LIVING TRUST UTD; NAING LAM YAM;
JANE DOE 1; CINDY KANYA CHAN;
MOLICA RATHA KEO; NIVODETH
KHIEV; DOE GAS STATION 2; DOE GAS
STATION 3; DOE LAUNDROMAT 4; and
DOES 5 through 10,

    Defendants,

CASE No.: 2:17-cv-04325 PRO (AGR.)

ANSWER OF DEFENDANT
NAING LAM YAM

DEMAND FOR JURY TRIAL

    Comes now, Defendant, NAING LAM YAM, in answering the Complaint on file herein alleges as follows:

    1. Defendant denies each and every allegation contained in the Complaint except those expressly admitted below.

    2. Defendant admits the jurisdiction is based under U.S.C. § 1331 since Plaintiff allegedly claims that Defendants violate of federal statutes 18 United States

-1-
UNITED STATES DISTRICT COURT-ANSWER TO COMPLAINT

Code Sections 1584, 1589, 1590, 1593A and 1595 (a), as well as 29 United States Code Sections 206 and 207.

3. Defendant admits that pursuant to 28 U.S.C Section 1391(b), venue is proper in the United States District Court of the Central District of California.

4. Defendant admits that he has been renting out one of the room from the house located at 2550 Chestnut Avenue, Long Beach, CA 90806 that owned by Nivodeth Khiev (Julie) since September 2001. The monthly rent is $550. Per his wife, Socheat Chy, plaintiff in this action, request, he helped her to escape from his sister's business premise located in Palmdale, during the middle of the night in late October 2013. Defendant then brought her to his rented room in Long Beach, California. Defendant and plaintiff lived in one room, the other two were for Nivodeth Khiev (Julie) and her mother Molica Ratha Keo. Plaintiff lived here for approximately six months from October 2013 to April 2014. Please see defendant declaration attached hereto as EXHIBIT "A"

### Affirmative Defenses

5. For a further answer to Plaintiff's Complaint and by way of affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

6. As a separate and distinct First Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that the Complaint and said causes of action fail to state facts sufficient to constitute and cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

7. As a further, separate and distinct Second Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that the Plaintiff failed subsequent to the occurrence described in his Complaint to properly mitigate the damages and thereby is precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on the Plaintiff's part.

## THIRD AFFIRMATIVE DEFENSE

8. As a further, separate and distinct Third Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that the Plaintiff voluntarily and with full knowledge of the matters referred to in said Complaint assumed any and all of the risk, hazards, and perils of the circumstances referred to in said Complaint and, therefore, assumed the risk of any injuries or damages sustained by said Plaintiff, if any at all.

## FOURTH AFFIRMATIVE DEFENSE

9. As a further, separate and distinct Fourth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that this incident was caused by the negligence and/or fault of other persons, corporations, and entities of both parties and non-parties to this action, whether named or not named and that Defendant's liability, if any, should be reduced accordingly.

## FIFTH AFFIRMATIVE DEFENSE

10. As a further, separate and distinct Fifth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that said Complaint is barred by the Statute of Limitations; to wit, sections 337.1, 338, 339,

340, and 343 of the California Code of Civil Procedure; and section 17208 of the California Business & Professions Code.

### SIXTH AFFIRMATIVE DEFENSE

11. As a further, separate and distinct Sixth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that Defendant had no independent knowledge, as of the filing of this answer, of the facts allegedly constituting the cause of action in Plaintiff's Complaint, and based thereon, hereby respectively requests leave of Court to amend this Answer to include those affirmative defenses that are revealed during the course of Defendant's discovery.

### SEVENTH AFFIRMATIVE DEFENSE

12. As a further, separate and distinct Seventh Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that pursuant to Civil Code Section 55, in the event Defendant prevails in this action, Defendant shall be entitled to recover reasonable attorneys' fees as and for the defense of this matter, and Defendant hereby alleges entitlement by reason thereof to attorneys' fees and reasonable costs in this action.

### EIGHTH AFFIRMATIVE DEFENSE

13. As a further, separate and distinct Eighth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that as a consequence of the conduct of or attributable to Plaintiff in connection with the alleged incident which is subject to this litigation and the bringing of this claim, Plaintiff is estopped from securing any relief from Defendant

**WHEREFORE**, Defendant prays:

1. That Complaint be dismissed with prejudice,

2. That Plaintiff take nothing by way of their complaint,

3. That Defendant have and recover its cost of suit, including attorneys' fees, and

4. For such other and further relief as the Court deems just and equitable.

Dated: August 3, 2017          By: _____
                                    Naing Lam Yam
                                    Defendant in Pro Per

## DECLARATION OF NAING LAM YAM

Exhibit **A**

Page **1** of **3**

I, NAING LAM YAM, declare:

1. I am one of the Defendants in this action and I am submitting this Declaration in support of my answer to the complaint filed by my wife, Socheat Chy (Chy). I am personally familiar with the facts stated herein, except those stated upon information and belief and as to those I believe them to be true. If called upon as a witness, I would and could competently testify thereto.

2. I was Molica Ratha Keo (Molica) former boyfriend. Our relationship began sometime in 2000 when during my trip from Virginia to Orange County, California to visit my father who was in the hospital for a serious illness. In 2001, I had moved in and lived with Molica and her daughter, Nivodeth Khiev (Julie), at her house in Long Beach. Our relationship lasted about four years. After our relationship ended, Julie insisted that if I should rent one of the extra room for a fix monthly rent of $550.00. Because I was alone and I did not want to return to my East Coast States, I had agreed and stayed at the house ever since.

3. In or about December 2010, I returned to Cambodia to marry Chy. Thereafter, I filed the petition with the U.S. Department of Citizenship and Immigrant Services to bring Chy to the United States. I am disabled and receives public assistance approximately $1,550.00 per month from the Social Security Administration. For this reason, Chy's initial immigrant visa interview was denied because my annual income was below the financial mean that has been set forth by the Department of Homeland Security (DHS)- Citizenship and Immigration Services. As such I was not financially qualified to sponsor and bring Chy to the U.S.

4. I approached my friend, Cindy Kayna Chan (Cindy) for assistance. We have known for each other for more than 20 years. After I told Cindy about my situation, without hesitation, she agreed to help me by financially joint me to become co-sponsor and to file a single form of Affidavit of Support (Form 864). After the DHS reviewed Cindy's income when combined with mine, the DHS approved my wife's visa and she was allowed to join me in the U.S.

DECLARATION OF NAING LAM YAM

5. On June 11, 2013, Chy arrived in Los Angeles International Airport. At the moment after Chy landed in LAX, she was not allowed to live with me in Long Beach. Rather, my sister, Sing Lim immediately took Chy to her residence in Palmdale, California. Chy was immediately put to work for Sing Lim's family businesses.

6. In or about October 2013, Chy contacted me for help. Chy desperately wanted to leave the Sing Lim's family businesses. To avoid being seen, during one midnight in October, 2013, I picked Chy up and brought her to my house in Long Beach. She lived with me, along with Molica and Julie for approximately six months from October 2013 to April, 2014.

7. In April 2014, Chy demanded me to take her back to Palmdale so she could continue to work for Sing Lim's family businesses. Chy claimed that she was bored to stay home and do nothing. I drove her back to Palmdale.

8. During the six month that Chy stayed with me in Long Beach at Julie's house, I witnessed that Molica and Julie treated her very nice and accepted her with full hospitality. I saw that whenever Julie had the time, she would take her mom and Chy shopping, to visit places, to go to Chinatown, to go to Buddhist Temples, etc.. I also witnessed that often Julie would give Chy money for spending. Molica treated Chy like her own daughter. On the other hand, I also saw Chy voluntary helped out Julie and Molica with household chores. Chy watered the plants, swept and moped the floor, and during weekends, when Julie retuned from the grocery trips, Chy would help out her by stocking foods in the refrigerator. Molica and Julie were very nice to Chy and tried to help her as much as they could while she was alone in this country.

9. At no time had I physically or verbally abused, forced, or confined Chy in any manners or involved in any illegal human trafficking, or recruited illegal aliens that involved Chy or other human beings.

Exhibit ___A___

Page __2__ of __3__

DECLARATION OF NAING LAM YAM

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 3, 2017, in Long Beach, CA.

*[signature]*
Naing Lam Yam

Exhibit ___A___

Page ___3___ of ___3___

DECLARATION OF NAING LAM YAM