CINDY KANYA CHAN
9463 Arkansas Street
Bellflower, CA 90706
(562) 394-2262

Defendant in Pro Per
FILED
2017 AUG -4 AM 10: 21
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SOCHEAT CHY, <br><br> Plaintiff, <br><br> vs. <br><br> SING LIM; RAY LIM; TIFFANY NGO; NGO ASSET MANAGEMENT, LLC; TIFFANY NGO IN HER CAPACITY AS TRUSTEE OF THE TIFFANY NGO LIVING TRUST UTD; NAING LAM YAM; JANE DOE 1; CINDY KANYA CHAN; MOLICA RATHA KEO; NIVODETH KHIEV; DOE GAS STATION 2; DOE GAS STATION 3; DOE LAUNDROMAT 4; and DOES 5 through 10, <br><br> Defendants, | CASE No.: 2:17-cv-04325 BRO (AGRx) <br><br> ANSWER OF DEFENDANT CINDY KAYAN CHAN <br><br> DEMAND FOR JURY TRIAL |

Comes now, Defendant, CINDY KAYAN CHAN, in answering the Complaint on file herein alleges as follows:

1. Defendant denies each and every allegation contained in the Complaint except those expressly admitted below.

2. Defendant admits the jurisdiction is based under U.S.C. § 1331 since Plaintiff allegedly claims that Defendants violate of federal statutes 18 United States

-1-
UNITED STATES DISTRICT COURT-ANSWER TO COMPLAINT

Code Sections 1584, 1589, 1590, 1593A and 1595 (a), as well as 29 United States Code Sections 206 and 207.

3. Defendant admits that pursuant to 28 U.S.C Section 1391(b), venue is proper in the United States District Court of the Central District of California.

4. Defendant admits that she learned that her late-husband's friend, Naing Lam Yam who is a disabled person, was currently sponsoring his wife from Cambodia. She also learned that, due to Naing's income that derived from the SSA was below the Standard of Poverty Guidelines of Financial Support that required by the United States Citizenship and Immigration Services, his wife would not be allowed to come to the United States to unite with him. Without knowing any parties in this action including all defendants and plaintiff, except Mr. Yam, Defendant, upon request by Mr. Yam, she agreed to become Mr. Yam's joint sponsor in term of financial support so Mr. Yam's financial could meet the requirement requested by the US government in order to bring his wife to this country. Please see my declaration attached hereto as **EXHIBIT "1"**.

### Affirmative Defenses

5. For a further answer to Plaintiff's Complaint and by way of affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

6. As a separate and distinct First Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that the Complaint and said causes of action fail to state facts sufficient to constitute and cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

7. As a further, separate and distinct Second Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that the Plaintiff failed subsequent to the occurrence described in his Complaint to properly mitigate the damages and thereby is precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on the Plaintiff's part.

## THIRD AFFIRMATIVE DEFENSE

8. As a further, separate and distinct Third Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that the Plaintiff voluntarily and with full knowledge of the matters referred to in said Complaint assumed any and all of the risk, hazards, and perils of the circumstances referred to in said Complaint and, therefore, assumed the risk of any injuries or damages sustained by said Plaintiff, if any at all.

## FOURTH AFFIRMATIVE DEFENSE

9. As a further, separate and distinct Fourth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that this incident was caused by the negligence and/or fault of other persons, corporations, and entities of both parties and non-parties to this action, whether named or not named and that Defendant's liability, if any, should be reduced accordingly.

## FIFTH AFFIRMATIVE DEFENSE

10. As a further, separate and distinct Fifth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that said Complaint is barred by the Statute of Limitations; to wit, sections 337.1, 338, 339,

340, and 343 of the California Code of Civil Procedure; and section 17208 of the California Business & Professions Code.

### SIXTH AFFIRMATIVE DEFENSE

11. As a further, separate and distinct Sixth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that Defendant had no independent knowledge, as of the filing of this answer, of the facts allegedly constituting the cause of action in Plaintiff's Complaint, and based thereon, hereby respectively requests leave of Court to amend this Answer to include those affirmative defenses that are revealed during the course of Defendant's discovery.

### SEVENTH AFFIRMATIVE DEFENSE

12. As a further, separate and distinct Seventh Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that pursuant to Civil Code Section 55, in the event Defendant prevails in this action, Defendant shall be entitled to recover reasonable attorneys' fees as and for the defense of this matter, and Defendant hereby alleges entitlement by reason thereof to attorneys' fees and reasonable costs in this action.

### EIGHTH AFFIRMATIVE DEFENSE

13. As a further, separate and distinct Eighth Affirmative Defense to the Complaint and each cause of action alleged therein, it is alleged that as a consequence of the conduct of or attributable to Plaintiff in connection with the alleged incident which is subject to this litigation and the bringing of this claim, Plaintiff is estopped from securing any relief from Defendant

**WHEREFORE**, Defendant prays:

1. That Complaint be dismissed with prejudice,

2. That Plaintiff take nothing by way of their complaint,

3. That Defendant have and recover its cost of suit, including attorneys' fees, and

4. For such other and further relief as the Court deems just and equitable.

Dated: August 3, 2017         By: /s/ Cindy Chan
                              Cindy Kanya Chan
                              Defendant in Pro Per

DECLARATION OF CINDY K. CHAN     Exhibit __1__

I, CINDY K. CHAN, declare:                               Page __1__ of __2__

1. I am one of the Defendants in this action and I am submitting this Declaration in support of my answer to the complaint filed by Socheat Chy (Socheat). I am personally familiar with the facts stated herein, except those stated upon information and belief and as to those I believe them to be true. If called upon as a witness, I would and could competently testify thereto.

2. I am residing at 9436 Arkansas Street, Bellflower, CA 90706. I have been working as Medical Support Assistant at the V.A. Hospital, located at 5901 East 7th Street, Long Beach for more than 19 years.

3. Naing Lam Yam (Naing) was my ex-husband's friend and we have known each other since 1993. We have become close friends since he moved from Virginia to Long Beach and lived at my cousin's house. Naing is a diabetic and receives $900 per month of disability benefit from the Social Security Administration. He rents a room from my cousin daughter's house for $550 per month.

4. In or about 2010 to 2011, I was approached by Naing and was asked to assist him to act as a co-sponsor in term of financial responsibility by filing a form called Affidavit of Support under Section 213 of the INA (Form 864) so he could bring his wife from Cambodia to the United States.

5. I have learned that under the Department of Homeland Security-U.S. Citizenship and Immigration Services (DHS) guidelines, any person that wants to sponsor his or her relatives and to bring them to the U.S., that person must have stable income to financially secure the daily life for his or her relatives to avoid being a burden to the public at large. Form 864 has to be filed with the DHS to prove that his and her income is enough for that purpose. In case, if a person is not financially qualified, he or she is allowed to request his or her friends, relatives who is either a U.S. Citizen or U.S. resident to become his or her co-sponsor for financial purpose in order to financially support his or her newcomers when they

DECLARATION OF CINDY K. CHAN

arrive and settle in the US. In Naing's situation, he was not able to bring his wife to this country since his annual income was way below the standard of income that was required by DHS. He sincerely asked me for help by becoming his financially co-sponsor in order for him to be able to bring his wife to this country to unite with him.

6. Sympathizing Naing's situation and circumstances, I agreed to file Form-864 to financially co-sign for him despite the fact that I did not know his wife. I did it because I'd wanted to help my friend, Naing. This situation is similar to when you buy a house but your income is not sufficient enough to qualify for a mortgage loan, then it would be helpful to get a cosigner to help with the mortgage. That was my simple thought and if I am able to help a friend in need, I would do so without any hesitation.

7. I had fled from the Killing Fields in Cambodia for more than 40 years. I was fortunate to receive help from this country and people in America at the time when I most needed help. Therefore, I would not hesitate to help others in need as I did for Naing.

8. As up until the time I received the complaint filed against me and other, I have not met or talk to any one named in the lawsuit beside Naing, Molica, and Nivodeth.

9. At no time had I physically or verbally abused, forced, or confined Socheat in any manners or am I involved in any illegal human trafficking, recruiting illegal aliens that involved Socheat or other human beings.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 3, 2017, in Long Beach, CA.

**Exhibit** 1

**Page** 2 **of** 2

_Cindy Chan_
Cindy K Chan

DECLARATION OF CINDY K. CHAN