1  SULLIVAN, KRIEGER, TRUONG,
   SPAGNOLA & KLAUSNER, LLP
2  Eliot F. Krieger, (SBN: 159647)
   *EKrieger@SKTLawyers.com*
3  Heidi S. Lewis, Esq., State Bar No. 98046
   *HLewis@SKTLawyers.com*
4  Christopher L. Wong, (SBN: 178374)
   *CWong@SKTLawyers.com*
5  444 West Ocean Boulevard, Suite 1700
   Long Beach, California 90802
6  Office: (562) 597-7070
   Facsimile: (562) 597-7772
7
   Attorneys for Defendants
8  LAM SIN YAM; RAY LIM; TIFFANY NGO;
   NGO ASSET MANAGEMENT, LLC;
9  TIFFANY NGO IN HER CAPACITY AS
   TRUSTEE OF THE TIFFANY NGO
10 LIVING TRUST UTD; CRUISE THRU DAIRY
   D/B/A CRUISE THRU DAIRY, VALERO MART
11 INC. D/B/A VALERO MART/ARCO MARKET
   INC., and TIFFANY NGO D/B/A SPEEDY
12 WASH

13            **UNITED STATES DISTRICT COURT**

14            **CENTRAL DISTRICT OF CALIFORNIA**

15 SOCHEAT CHY,                          )  Case No. 2:17-cv-04325-BRO-AGR
                                         )
16            Plaintiff,                 )  **MEMORANDUM OF POINTS AND**
                                         )  **AUTHORITIES IN SUPPORT OF**
17        v.                             )  **THE MOTION OF DEFENDANTS**
                                         )  **LAM SIN YAM; RAY LIM;**
18 LAM SIN YAM;                          )  **TIFFANY NGO; NGO ASSET**
   RAY LIM;                              )  **MANAGEMENT, LLC; TIFFANY**
19 TIFFANY NGO;                          )  **NGO IN HER CAPACITY AS**
   NGO ASSET MANAGEMENT, LLC;            )  **TRUSTEE OF THE TIFFANY NGO**
20 TIFFANY NGO IN HER CAPACITY           )  **LIVING TRUST UTD; CRUISE**
   AS TRUSTEE OF THE TIFFANY             )  **THRU DAIRY D/B/A CRUISE**
21 NGO LIVING TRUST UTD;                 )  **THRU DAIRY; VALERO MART**
   NAING LAM YAM;                        )  **INC. D/B/A VALERO MART/ARCO**
22 CINDY KANYA CHAN;                     )  **MARKET INC.; AND TIFFANY**
   MOLICA RATHA KEO;                     )  **NGO D/B/A SPEEDY WASH TO**
23 NIVODETH KHIEV;                       )  **DISMISS PLAINTIFF'S FOURTH,**
   CRUISE THRU DAIRY, D/B/A              )  **SEVENTEENTH, TWENTY-**
24 CRUISE THRU DAIRY;                    )  **SECOND, AND TWENTY-NINTH**
   VALERO MART INC., D/B/A               )  **CLAIMS FOR RELIEF FOR**
25 VALERO MART/ARCO MARKET               )  **FAILURE TO STATE A CLAIM**
   INC.; and                            )  **(F.R.C.P. 12(b)(6))**
26 TIFFANY NGO, D/B/A SPEEDY             )
   WASH,                                 )  Hearing Date:  November 6, 2017
27                                       )  Time:              1:30 P.M.
             Defendants.                 )  Court Room:    7C
28 _____  )

# **TABLE OF CONTENTS**

I.   INTRODUCTION ……………………………………………….   1

II.  STATEMENT OF RELEVANT PORTIONS OF THE SECOND
     AMENDED COMPLAINT …………………………………....   2

    A. AS RELATES TO THE FOURTH CLAIM FOR RELIEF
       (UNLAWFUL CONDUCT RE: DOCUMENTS) ………...   3

    B. AS RELATES TO THE SEVENTEENTH CLAIM FOR
       RELIEF (FALSE IMPRISONMENT) ……………………   3

    C. AS RELATES TO THE TWENTY-SECOND CLAIM
       FOR RELIF (NEGLIGENT INFLICTION OF
       EMOTIONAL DISTRESS) ……………………………….   3

    D. AS RELATES TO THE TWENTY-NINTH CLAIM FOR
       RELIEF (VIOLATIONS OF THE FEDERAL
       RACKETEER INFLUENCED AND CORRUPT
       ORGANIZATIONS ACT) ………………………………..   4

III. LEGAL ANALYSIS …………………………………………..   4

    A. STANDARDS GOVERNING F.R.C.P. 12(b)(6)
       MOTIONS TO DISMISS …………………………………   4

    B. THE FOURTH CLAIM FOR RELIEF OF UNLAWFUL
       CONDUCT RE: DOCUMENTS FAILS TO STATE A
       CLAIM UPON WHICH RELIEF CAN BE GRANTED
       AS AGAINST ALL DEFENDANTS EXCEPT SIN,
       BECAUSE ONLY SIN IS ALLEGED TO HAVE
       TAKEN AND WITHHELD SOCHEAT'S PASSPORT …   6

    C. THE SEVENTEENTH CLAIM FOR RELIEF OF FALSE
       IMPRISONMENT SHOULD BE DISMISSED
       BECAUSE IT IS BARRED BY THE ONE-YEAR
       STATUTE OF LIMITATIONS (CCP § 340(c)) …………   8

    D. THE TWENTY-SECOND CLAIM FOR RELIEF OF
       NEGLIGENT INFLICTION OF EMOTIONAL
       DISTRESS FAILS TO STATE A CLAIM FOR RELIEF
       BECAUSE IT IS NOT, AS MATTER OF LAW,
       RECOGNIZED AS AN INDEPENDENT TORT, AND IS
       OTHERWISE REDUNDANT OF SOCHEAT'S
       TWENTIETH CLAIM FOR RELIEF FOR
       NEGLIGENCE …………………………………………   9

ii

E.  THE TWENTY-NINTH RICO CLAIM FOR RELIEF SHOULD BE DISMISSED BECAUSE SOCHEAT HAS FAILED TO ALLEGE A "PATTERN OF RACKETEERING ACTIVITY" ………………………….  10

1. Socheat Has Failed To Allege Two or More Predicate Acts As Necessary For Establishing A "Pattern Of Racketeering Activity". ………………………………..  12

   a. Socheat's Allegations of a Single Action Violating 18 U.S.C. §§ 1584, 1589, 1590, and 1592, Constitutes a Single Predicate……………………….  12

   b. Socheat Cannot Fragment a Single Action to Create Multiple Predicates. …………………………….....  13

   c. Socheat Cannot Rely On An Alleged Lesser Included Offense to Create the Requisite Multiple Predicates. ……………………………………..  13

2. Socheat Has Also Failed to Allege Related Predicate Acts Extending Over A Substantial Period of Time Or As Part of An Ongoing Business. …………………….....  14

3. The RICO Claim Is Limited to a Single Alleged Victim. …………………………………………………  15

4. Socheat Has Failed to Allege a Conspiracy To Violate 18 U.S.C. § 1962(c) OR Otherwise. …………………....  16

IV.  CONCLUSION …………………………………………………..  17

# TABLE OF AUTHORITIES

**Cases**

*Abagninin v. AMVAC Chem. Corp.* (9th Cir. 2008) 545 F.3d. 733, 742 ...................... 6, 7, 9

*Abraham v. Singh* (5th Cir. 2007) 480 F.3d 351 ......................................................... 16

*Airlines Reporting Corporation v. AERO Voyagers, Inc.* (S.D.N.Y. 1989)
  721 F.Supp. 579 ....................................................................................................... 15

*Allwaste, Inc. v. Hecht* (9th Cir. 1995) 65 F.3d 1523, 1528 ....................................... 12

*Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.
  Ed. 2d 868 ................................................................................................................. 5

*Barticheck v. Fidelity Union Bank/First Nat'l State* (3rd Cir. 1987) 832 F.2d
  36, 39 ........................................................................................................................ 15

*Bell Atlantic Corp. v. Twombley* (2007) 55 U.S. 544, 555; 127 S.Ct. 1955,
  1959 .......................................................................................................................... 5

*Bureerong v. Uvawas* (C.D. Cal. 1996) 922 F.Supp. 1450, 1463 ............................... 8

*Burgess v. Superior Court* (1992) 2 Cal.4th 1064, 1073 ............................................ 9

*Cahill v. Liberty Mutual Ins. Co.* (9th Cir. 1996) 80 F.3d 336, 337-38 ...................... 4

*Chaset v. Fleer/Skybox Int'l LP* (9th Cir. 2002) 300 F.3d 1083, 1086 ...................... 11

*Collins v. County of Los Angeles* (1966) 241 Cal.App.2d 451, 454, 50
  Cal.Rptr. 586, 588 .................................................................................................... 8

*Doe I v. Reddy*, 2003 U.S. Dist. LEXIS 26120 ........................................................... 15

*Epstein v. Washington Energy Co.* (9th Cir. 1996) 83 F.3d 1136, 1140 ..................... 4

*H.J. Inc. v. Northwestern Bell Tel. Co.* (1989) 492 U.S. 229, 232 ......................... 12, 14

*Hernandez v. Attisha* (S.D. Cal. 2010) 2010 U.S. Dist. LEXIS 20235, 2010
  WL 816160 ................................................................................................................ 8

*Hill v. Opus Corp.* (C.D. Cal. 2011) 841 F.Supp. 2d 1070, 1082 .............................. 5

*In re Colonial Mortgage Bankers Corp.*, (1st Cir. 2003) 324 F.3d 12, 15 ................. 5

*Jones v. Lampe* (7th Cir. 1988) 845 F.2d 755, 757 .................................................. 15

*Mullis v. United States Bankruptcy Court* (9th Cir. 1987) 828 F.2d 1385,
  1388 .......................................................................................................................... 5

*Polycast Technology Corp. v. Uniroyal, Inc.* (S.D.N.Y. 1989) 728 F.Supp.
  926 ............................................................................................................................ 13

*Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 984-985 ...................... 9

iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FOURTH, SEVENTEENTH, TWENTY-
SECOND, AND TWENTY-NINTH CLAIMS FOR RELIEF

*Transphase Systems, Inc. v. Southern California Edison Co.* (C.D. Cal. 1993)
 839 F.Supp. 711, 718 ............................................................................... 4

*United States v. Biaggi* (2nd Cir. 1990) 909 F.2d 662, cert. denied, 499 U.S.
 904 (1991) .............................................................................................. 13

*United States v. Kaplan* (2nd Cir. 1989) 886 F.2d 536, 542 ............................. 14

*United States v. Walgren* (9th Cir. 1989) 885 F.2d 1417, 1425-1426 ............... 12

*Weisbuch v. County of Los Angeles* (9th Cir. 1997) 119 F.3d 778, 783 n.1 ....... 5

**Statutes**

18 U.S.C § 1961(5) ............................................................................................. 12

18 U.S.C. § 1592 ............................................................................................. 6, 7

18 U.S.C. § 1961(5) ........................................................................................... 12

18 U.S.C. § 1962 .......................................................................................... 10, 14

18 U.S.C. § 1962(c) ..................................................................... 2, 10, 11, 16

18 U.S.C. § 1962(d) ...................................................................... 2, 10, 16

18 U.S.C. §§ 1584, 1589, 1590, and 1592 .................................................. 4, 12

18 U.S.C. §§ 1592, 1595(a) ............................................................................. 6

18 U.S.C. §§ 1962(c), 1964(c) ........................................................................ 11

*California Code of Civil Procedure* ("CCP") § 340(c) ................................... 2, 8

Federal Rules of Civil Procedure ("F.R.C.P.") 12(b)(6) ............................... passim

US District Court, Central District of California, Local Rule 7-3 ....................... 2

v

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FOURTH, SEVENTEENTH, TWENTY-
SECOND, AND TWENTY-NINTH CLAIMS FOR RELIEF

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

On June 9, 2017[1], the Plaintiff SOCHEAT CHY ("Socheat" and/or "Plaintiff") filed a complaint against Defendants LAM SIN YAM ("Sin"), RAY LIM ("Lim"), TIFFANY NGO ("Ngo"), NGO ASSET MANAGEMENT, LLC. ("NAM"), TIFFANY NGO IN HER CAPACITY AS TRUSTEE OF THE TIFFANY NGO LIVING TRUST UTD ("TNLT"), CRUISE THRU DAIRY D/B/A CRUISE THRU DAIRY ("CTD"), VALERO MART INC. D/B/A VALERO MART/ARCO MARKET INC. ("Valero") and TIFFANY NGO D/B/A SPEEDY WASH ("Speedy Wash") (collectively "Defendants"), and others, seeking damages and other relief based on Defendants' allegedly subjecting Socheat to forced labor in their businesses and homes in Southern California during the period of June 2013 through September 28, 2015. (Second Amended Complaint ("SAC"), ¶¶ 1, 21-83.) Socheat's forced labor is alleged to have occurred during the period of June 2013 through October 2013 when Socheat allegedly voluntarily left and stayed with her husband, NAING LAM YAM ("Yam"), for six months, only to voluntarily return to Defendants and allegedly be subjected to further forced labor by Defendants during the period of April 2014 through September 28, 2015. (SAC, ¶¶ 66-77.)

Based in part upon these allegations, Socheat has alleged, as against all Defendants, a Fourth Claim for Relief (Unlawful Conduct Re: Documents – taking of her passport), a Seventeenth Claim for Relief (False Imprisonment), a Twenty-Second Claim for Relief (Negligent Infliction of Emotional Distress), and a Twenty-Ninth Claim for Relief (Violations of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO Claim")), each of which is the subject of the within Federal Rules of Civil Procedure ("F.R.C.P.") 12(b)(6) motion.

---

[1] The complaint was later amended by First Amended Complaint and then by Second Amended Complaint, which is the subject of this motion.

By this Motion, Defendants, except Sin, seek dismissal of the Fourth Claim for Relief of Unlawful Conduct Re: Documents, because only Sin is alleged to have taken and withheld Socheat's passport.

Further, Defendants seek dismissal of the Seventeenth Claim for Relief of False Imprisonment because it is barred by the one-year statute of limitations under *California Code of Civil Procedure* ("CCP") § 340(c), since Socheat's complaint was filed on June 9, 2017, more than one year after termination on September 28, 2015, of Socheat's alleged false imprisonment.

Defendants also seek dismissal of the Twenty-Second Claim for Relief of Negligent Infliction of Emotional Distress because there is no independent tort for negligent infliction of emotional distress.

Finally, the recently added Twenty-Ninth RICO Claim should be dismissed under F.R.C.P. 12(b)(6) because Socheat has not alleged a "pattern of racketeering activity" as necessary to state a claim for violation of 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d).

Dismissal of each of these identified claims for relief should be without leave to amend, because Socheat cannot cure the pleading defects. Indeed, Socheat was given numerous opportunities, through the Local Rule 7-3 meet and confer process, to cure these material defects. Instead, Socheat chose to stand on her pleadings.

## II.   STATEMENT OF THE RELEVANT PORTIONS OF THE SECOND AMENDED COMPLAINT

Plaintiff Socheat is married to Defendant Yam[2] and the sister-in-law of Defendant Sin.[3] (SAC, ¶¶ 7-8.) Plaintiff allegedly immigrated, with her husband Yam, from Cambodia to the United States on June 11, 2013, and began living with Sin and other relatives at that time. (SAC, ¶ 44.) Although, Plaintiff's counsel has

---

[2] Yam is not a party to this Motion.

[3] Plaintiff is correspondingly related by marriage to various other defendants as well.

1  taken considerable artistic license with the other voluminous allegations set forth in

2  the Second Amended Complaint, that is an evidentiary fight for another day. For

3  purposes of this motion, which is directed at only four specific causes of action, the

4  pertinent allegations of the SAC are alleged as follows:

5  **A.    AS RELATES TO THE FOURTH CLAIM FOR RELIEF**

6  **(UNLAWFUL CONDUCT RE: DOCUMENTS)**

7  Only Defendant Sin – and no one else – is alleged to have taken and/or

8  possessed Plaintiff's passport. As set forth in the one paragraph that mentions this

9  supposed incident: "…Defendant Sin demanded that Socheat give Sin her passport.

10  Socheat did not understand why Defendant Sin needed her passport, but she

11  complied because she was scared." (SAC, ¶ 45.) There are no allegations that

12  anyone else: (1) was present when Plaintiff purportedly gave her passport to Sin;

13  (2) had any knowledge of this event; and/or (3) had any involvement with this event.

14  **B.    AS RELATES TO THE SEVENTEENTH CLAIM FOR RELIEF**

15  **(FALSE IMPRISONMENT)**

16  Plaintiff was purportedly "rescued" (from the home in which she paid no rent

17  and all her meals were provided) on September 28, 2015, considerably more than a

18  year before the original complaint in this case was filed on June 9, 2017.[4] (SAC, ¶

19  83.)

20  **C.    AS RELATES TO THE TWENTY-SECOND CLAIM FOR RELIEF**

21  **(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

22  Both the Twenty-Second Claim for Relief (Negligent Infliction of Emotional

23  Distress) and the Twentieth Claim for Relief (Negligence) allege the same duty,

24  breach, and emotional distress damages. (SAC, ¶¶ 205-210, 215-218.) Further, the

25

26

27  ───────────────────────

28  [4] A Request for Judicial Notice of the date of the filing of Plaintiff's original
   complaint is filed concurrently herewith.

Twenty-Second Claim for Relief is not recognized by law as an independent tort claim.

**D.    AS RELATES TO THE TWENTY-NINTH CLAIM FOR RELIEF (VIOLATIONS OF THE FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT)**

Plaintiff alleges that her cumulative stay with Defendants – approximately four (4) months (June-October 2013) followed by an (excluded) period of six (6) months, in which she lived with her husband Yam (SAC, ¶¶ 66, 71), followed by her return to the Defendants' home for an additional approximate eighteen (18) months – somehow during which Defendants are alleged to have committed two or more predicate acts based on a single action or set of actions of forced labor violating 18 U.S.C. §§ 1584, 1589, 1590, and 1592, constitutes a "pattern of racketeering activity." (SAC, ¶¶ 272-285.)  As set forth herein, it does not.

## III.    LEGAL ANALYSIS

**A.    STANDARDS GOVERNING F.R.C.P. 12(b)(6) MOTIONS TO DISMISS**

In ruling on a Motion to Dismiss pursuant to F.R.C.P. 12(b)(6), the Court generally must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether the plaintiff can prove any set of facts to support a claim that would merit relief. (*Cahill v. Liberty Mutual Ins. Co*. (9th Cir. 1996) 80 F.3d 336, 337-38.) However, the Court need not accept as true "conclusory allegations" or "unreasonable inferences" in ruling on a F.R.C.P. 12(b)(6) motion. (*Transphase Systems, Inc. v. Southern California Edison Co*. (C.D. Cal. 1993) 839 F.Supp. 711, 718.) "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." (*Epstein v. Washington Energy Co*. (9th Cir. 1996) 83 F.3d 1136, 1140.) "We are not bound, however, to credit 'bald assertions, unsupportable conclusions, and opprobrious epithets' woven

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOURTH, SEVENTEENTH, TWENTY-SECOND, AND TWENTY-NINTH CLAIMS FOR RELIEF

into the fabric of the complaint." (*In re Colonial Mortgage Bankers Corp.*, (1st Cir. 2003) 324 F.3d 12, 15.) "Factual allegations must be enough to raise a right to relief above the speculative level." (*Bell Atlantic Corp. v. Twombley* (2007) 55 U.S. 544, 555; 127 S.Ct. 1955, 1959.) "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" (*Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, quoting *Twombley* at 570.)  A complaint must set forth "enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." (*Twombley*, *supra,* 55 U.S. at 570.)  "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." (*Iqbal*, *supra,* 556 U.S. at 679.)

A F.R.C.P. 12(b)(6) motion is proper where the plaintiff has included allegations that, on their face, disclose some absolute defense or bar to recovery. (*Weisbuch v. County of Los Angeles* (9th Cir. 1997) 119 F.3d 778, 783 n.1 ("If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts.").)  The Court may also properly consider judicially noticeable facts that contradict the plaintiff's allegations. (*Mullis v. United States Bankruptcy Court* (9th Cir. 1987) 828 F.2d 1385, 1388.)

A 12(b)(6) motion may properly seek to dismiss only part of a claim. (*Hill v. Opus Corp*. (C.D. Cal. 2011) 841 F.Supp. 2d 1070, 1082 ("plaintiffs' state law claims seeking compensation under ERISA-covered plans are separable from their claims seeking compensation under non-covered plans").)

Leave to amend is properly denied where it is clear that the defects in the pleading cannot possibly be cured by new factual allegations and/or if the Plaintiff

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOURTH, SEVENTEENTH, TWENTY-SECOND, AND TWENTY-NINTH CLAIMS FOR RELIEF

1  has failed to cure the pleading defects by prior amendments. (*Abagninin v. AMVAC*

2  *Chem. Corp.* (9th Cir. 2008) 545 F.3d. 733, 742.)

3       For the reasons stated herein, the Fourth, Seventeenth, Twenty-Second, and

4  Twenty-Ninth Claims for Relief, and each of them, should be dismissed without

5  leave to amend, because these claims cannot be cured by an amendment.

6       **B.       THE FOURTH CLAIM FOR RELIEF OF UNLAWFUL**

7                **CONDUCT RE: DOCUMENTS FAILS TO STATE A CLAIM**

8                **UPON WHICH RELIEF CAN BE GRANTED AS AGAINST ALL**

9                **DEFENDANTS EXCEPT SIN, BECAUSE ONLY SIN IS**

10               **ALLEGED TO HAVE TAKEN AND WITHHELD SOCHEAT'S**

11               **PASSPORT**

12      The Fourth Claim for Relief (Unlawful Conduct Re: Documents – 18 U.S.C.

13  §§ 1592, 1595(a)), is alleged against all Defendants.

14      18 U.S.C. § 1592 states in this regard:

15   "Whoever knowingly destroys, conceals, removes, confiscates, or
     possesses any actual or purported passport or other immigration
16   document, or any other actual or purported government identification
     document, of another person--
17
     - **(1)** in the course of a violation of section 1581, 1583, 1584, 1589,
18       1590, 1591, or 1594(a) [18 U.S.C. § 1581, 1583, 1584, 1589, 1590,
         1591, or 1594(a)];
19
     - **(2)** with intent to violate section 1581, 1583, 1584, 1589, 1590, or
20       1591 [18 U.S.C. § 1581, 1583, 1584, 1589, 1590, or 1591]; or
21   - **(3)** to prevent or restrict or to attempt to prevent or restrict,
         without lawful authority, the person's liberty to move or travel, in
22       order to maintain the labor or services of that person, when the
         person is or has been a victim of a severe form of trafficking in
23       persons, as defined in section 103 of the Trafficking Victims
         Protection Act of 2000 [22 U.S.C. § 7102], shall be fined under
24       this title or imprisoned for not more than 5 years, or both." (18
         U.S.C. § 1592 (LexisNexis, Lexis Advance through PL 115-51,
25       approved 8/18/17, with a gap of PL 115-50))
26
27  / / /

28

1

Further, 18 U.S.C. § 1592 provides in pertinent part:

2

3

4

5

6

7

"An individual who is a victim of a violation of this chapter [18 U.S.C. §§ 1581 et seq.] may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter [18 U.S.C. §§ 1581 et seq.]) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees." (18 U.S.C. § 1595 (LexisNexis, Lexis Advance through PL 115-51, approved 8/18/17, with a gap of PL 115-50))

8

9

18 U.S.C. § 1592 clearly only applies to a person who "knowingly destroys,

10

conceals, removes, confiscates, or possesses any actual or purported passport … of

11

another person."

12

The only person alleged (albeit incorrectly) to have had any involvement in

13

possession of Plaintiff's passport is Sin. (SAC, ¶ 45.) The Second Amended

14

Complaint, paragraph 45, states in this regard, "On Socheat's first full day in the

15

United States, Defendant Sin began manipulating Socheat with threats and coercion.

16

At Defendant Ngo's residence, Defendant Sin demanded that Socheat give

17

Defendant Sin her passport. Socheat did not understand why Defendant Sin needed

18

her passport, but she complied because she was scared."

19

Accordingly, Defendants ask that the Defendants Ngo, Lim, NAM, TNLT,

20

CTD, Valero, and Speedy Wash, and each of them, be dismissed from this claim for

21

relief. Further, since Socheat cannot contradict her allegations of her Original, First,

22

and Second Amended Complaint, to allege that any of the Defendants, other than

23

Sin, participated in the alleged wrongful taking and possessing of Socheat's

24

passport, the order of dismissal should be entered without leave to amend.

25

(*Abagninin v. AMVAC Chem. Corp., supra,* 545 F.3d. at 742 – denial of leave to

26

amend is proper where plaintiff failed to cure pleading defects by prior

27

amendments.)

28

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOURTH, SEVENTEENTH, TWENTY-SECOND, AND TWENTY-NINTH CLAIMS FOR RELIEF

## C.   THE SEVENTEENTH CLAIM FOR RELIEF OF FALSE IMPRISONMENT SHOULD BE DISMISSED BECAUSE IT IS BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS (CCP § 340(c))

Socheat has alleged, by her Seventeenth Claim for Relief, that Defendants detained her against her will from June 2013 through September 28, 2015.

CCP § 340(c), governing herein Plaintiff's claims for false imprisonment, requires that the action for false imprisonment be filed within one year of the termination of the alleged imprisonment. An action for false imprisonment accrues upon termination of the imprisonment. (*Collins v. County of Los Angeles* (1966) 241 Cal.App.2d 451, 454, 50 Cal.Rptr. 586, 588.)

The original complaint alleging the Seventeenth Claim for Relief of False Imprisonment was filed on June 9, 2017[5], more than one year after Socheat allegedly escaped on September 28, 2015, from her alleged wrongful detention.

Socheat does not allege that said one-year statute of limitations was equitably tolled by any events or circumstances. Moreover, under *Bureerong v. Uvawas* (C.D. Cal. 1996) 922 F.Supp. 1450, 1463, and *Hernandez v. Attisha* (S.D. Cal. 2010) 2010 U.S. Dist. LEXIS 20235, 2010 WL 816160 (human trafficking), the California equitable tolling doctrine only covers that period that the plaintiff was detained.

As such, the Seventeenth Claim for Relief of False Imprisonment fails to state a claim for relief as against these Defendants and, therefore, should be dismissed. (F.R.C.P. 12(b)(6).) Further, since Socheat has not and cannot, by an amendment[6], plead around the bar of the statute of limitations under CCP § 340(c), an order of

---

[5] Concurrently filed herewith is a Request for Judicial Notice of the June 9, 2017 date of Socheat filing the within action.

[6] Socheat did not, by her First and/or Second Amended Complaint, despite an opportunity to do so, allege any facts that would support equitable tolling of the one-year statute of limitations.

dismissal without leave to amend is proper. (*Abagninin v. AMVAC Chem. Corp., supra,* 545 F.3d. at 742.)

**D.   THE TWENTY-SECOND CLAIM FOR RELIEF OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FAILS TO STATE A CLAIM FOR RELIEF BECAUSE IT IS NOT, AS A MATTER OF LAW, RECOGNIZED AS AN INDEPENDENT TORT, AND IS OTHERWISE REDUNDANT OF SOCHEAT'S TWENTIETH CLAIM FOR RELIEF FOR NEGLIGENCE**

Socheat seeks, by her Twenty-Second Claim for Relief, damages based on allegations of negligent infliction of emotional distress arising from the Defendants' allegedly forcing Socheat to work for them, while allegedly denying Socheat the protection allegedly guaranteed her under the California Labor Code. Notably, Socheat also has included in her Second Amended Complaint a Twentieth Claim for Relief for Negligence, whereby she seeks identical emotional distress damages also based on the allegations she has incorporated from her Twentieth Claim for Relief of Negligence. (SAC, ¶¶ 205-210, 215-218.)

The law is clear, "**there is no independent tort of negligent infliction of emotional distress,**" (*Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 984-985.) (Emphasis added.) Instead, any claim for negligent infliction of emotional distress must be alleged as part of Socheat's Twentieth Negligence Claim for Relief. As the California Supreme Court stated in *Potter*, "… there is no independent tort of negligent infliction of emotional distress. (Citations.) The tort is negligence, a cause of action in which a duty to the plaintiff is an essential element. (Citations) That duty may be imposed by law, be assumed by the defendant, or exist by virtue of a special relationship. (Citations)" (See also *Burgess v. Superior Court* (1992) 2 Cal.4th 1064, 1073.)

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOURTH, SEVENTEENTH, TWENTY-SECOND, AND TWENTY-NINTH CLAIMS FOR RELIEF

1       Accordingly, the redundant and improper Twenty-Second Claim for Relief

2   should be dismissed without leave to amend for failure to state a claim as a matter of

3   law. (F.R.C.P. 12(b)(6).) Socheat cannot, by amendment, plead a claim for relief of

4   negligent infliction of emotional distress because it is otherwise prohibited by law.

5       **E.**    **THE TWENTY-NINTH RICO CLAIM FOR RELIEF SHOULD BE**

6       **DISMISSED BECAUSE SOCHEAT HAS FAILED TO ALLEGE A**

7       **"PATTERN OF RACKETEERING ACTIVITY"**

8       Socheat has filed a Twenty-Ninth Claim for Relief against Defendants based

9   on alleged violations of the Federal Racketeer Influenced and Corrupt Organizations

10   Act under 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d) for conspiracy to violate 18

11   U.S.C. § 1962(c) ("RICO Claim")[7], alleging in pertinent part:

12       "281. RICO Defendants used the RICO Enterprise to engage in
13   related and continuous predicate acts, which are defined in 18 U.S.C. § 1961(1), as set forth below.

14       282. 18 U.S.C. § 1961(1) defines 'racketeering activity' to
15   include violations of 18 U.S.C. § 1584 (involuntary servitude), 18 U.S.C. § 1589 (forced labor), 18 U.S.C. § 1590 (trafficking with
16   respect to peonage, slavery, involuntary servitude or forced labor),
17   and 18 U.S.C. § 1592 (unlawful conduct with respect to documents in furtherance of trafficking, peonage, slavery, involuntary servitude or
18   forced labor).

19       283. The RICO Defendants' violations of 18 U.S.C. §§ 1584, 1589, 1590, and 1592 constitute racketeering activity.

20       284. 'Pattern of Racketeering activity' is defined in 18 U.S.C. §
21   1961(5) as requiring at least two acts of racketeering activity, where
22   the last act must occur within ten years after commission of a prior act of racketeering activity.

23

24   _____

25   [7] As noted *supra*, Socheat does not specifically identify, by her Twenty-Ninth Claim for Relief, the specific subsections of 18 U.S.C. § 1962 which she alleges

26   Defendants have violated. Through the meet and confer process, however, Plaintiff confirmed that the jurisdictional allegations of the Second Amended Complaint (SAC, ¶2)

27   reflect that Socheat's RICO Claim is limited to alleged violations of 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d) for conspiracy to violate 18 U.S.C. 1962(c). Based thereon, the

28   Motion to Dismiss the Rico Claim is limited to addressing these subsections.

285. The RICO Defendants committed or conspired to commit more than two predicate acts, including violations of 18 U.S.C. §§ 1584, 1589, 1590, and 1592. These acts were related and continuous over a substantial period – twenty-two months, from June 2013 through October 2013, and again from April 2014 through September 2015--- the last act which occurred within ten years of the commission of the prior predicate act. The RICO Defendants brought Socheat to the United States in order to subject her to daily forced labor without proper compensation. The RICO Defendants withheld Socheat's documents, and physically and emotionally coerced her to stay with them from June 2013 through October 2013. Socheat left the RICO Defendants for approximately six months, but when she returned in April 2014, the RICO Defendants subjected her to the same conduct -- - specifically forced labor, withholding of her documents, physical and emotional coercion." (SAC, ¶¶ 281-285.)

Socheat's Twenty-Ninth Claim for Relief fails to state a RICO claim for relief as demonstrated by the following.

18 U.S.C. § 1962(c) provides: "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a **pattern of racketeering activity** or collection of unlawful debt." (Emphasis added.)

To state a RICO claim under 18 U.S.C. § 1962(c), the Plaintiff must plead five elements: (1) conduct (2) of an enterprise (3) **through a pattern** (4) **of racketeering activity** that (5) causes injury to the plaintiff's business or property. (*Chaset v. Fleer/Skybox Int'l LP* (9th Cir. 2002) 300 F.3d 1083, 1086 (citing 18 U.S.C. §§ 1962(c), 1964(c).)

Socheat's Twenty-Ninth Claim for Relief does not allege a "pattern of racketeering activity" as required by 18 U.S.C. § 1962(c).

/ / /

/ / /

/ / /

1. **Socheat Has Failed To Allege Two Or More Predicate Acts As Necessary For Establishing A "Pattern Of Racketeering Activity".**

A "**pattern of racketeering activity**" exists when a person commits or aids in **two or more predicate acts that are sufficiently connected to pose a threat of continued criminal activity**. (18 U.S.C § 1961(5); *H.J. Inc. v. Northwestern Bell Tel. Co.* (1989) 492 U.S. 229, 232; *Allwaste, Inc. v. Hecht* (9th Cir. 1995) 65 F.3d 1523, 1528.)

    a. **Socheat's Allegations of a Single Action Violating 18 U.S.C. §§ 1584, 1589, 1590, and 1592, Constitutes a Single Predicate.**

**When a <u>single action</u> violates more than one of the statutes recited in Section 1961(1), it constitutes only a <u>single predicate</u> act for RICO purposes, not multiple predicate acts**. (*United States v. Walgren* (9th Cir. 1989) 885 F.2d 1417, 1425-1426.)

In *Walgren,* the Ninth Circuit held that the plaintiff failed to plead two predicate acts, where only a single action was alleged, noting in pertinent part, "We agree with the defendants that it is not proper under RICO to charge two predicate acts where one action violates two statutes. **A pattern of racketeering activity requires 'at least two *acts* of racketeering,' 18 U.S.C. § 1961(5) (emphasis added), not 'at least two statutory offenses.'** We do not think that the factor of "'continuity plus relationship'" *Sedima*, 473 U.S. at 496 n. 14, . . . quoting S.Rep. No. 91-617, 91st Cong., 1st Sess. 158 (1969) (emphasis added), which Congress thought necessary to establish a pattern, can be present where only a single act, albeit an act that violates two statutes, has been committed." (*Id.* 1425-1426.) (Emphasis added.)

Socheat's RICO Claim is limited to a single action of Defendants' alleged forced labor upon Socheat, which Socheat alleges violates 18 U.S.C. §§ 1584, 1589, 1590, and 1592, as specifically identified in 18 U.S.C. § 1961(5). (SAC, ¶¶ 281-285.) As such, Socheat's RICO Claim fails as a matter of law because Socheat has

1  not alleged two or more predicate acts (*Id.*) Dismissal of Socheat's RICO Claim is,

2  therefore, proper. (F.R.C.P. 12(b)(6).)

3       **b.  Socheat Cannot Fragment a Single Action to Create Multiple**

4            **Predicates.**

5       Socheat may not, by amendment to her Second Amended Complaint,

6  fragment by Socheat's six (6) month visit with her husband, the alleged single action

7  of forced labor to create two predicate acts. (See *Polycast Technology Corp. v.*

8  *Uniroyal, Inc.* (S.D.N.Y. 1989) 728 F.Supp. 926, wherein the court noted the

9  Second Circuit's warning in *United States v. Indelicato*, 865 F.2d 1370 (2d Cir.) (en

10 banc), cert. denied, 491 U.S. 907 (1989), that "it would 'disapprove any attempt by

11 the government or a private plaintiff to go beyond Congress' intent and fragment an

12 act that is plainly unitary into multiple acts in order to invoke RICO'") In *Polycast*

13 *Technology Corp. v. Uniroyal, Inc,* the court held that defendants' single set of

14 fraudulent statements, allegedly producing two statutory violations, cannot be split

15 into two separate acts of racketeering activity.

16      Thus, the dismissal of Socheat's RICO Claim should be entered without leave

17 to amend because she cannot, by amendment, create two predicate acts from

18 Defendants' alleged single action.

19      **c.  Socheat Cannot Rely On An Alleged Lesser Included Offense to**

20          **Create the Requisite Multiple Predicates.**

21      Socheat cannot rely on the lesser offenses of alleged trafficking and

22 withholding her passport, or otherwise, to establish two or more predicates where

23 Socheat has otherwise alleged that said acts were necessary to implementing the

24 forced labor of Socheat. (SAC, ¶ 285.) (*United States v. Biaggi* (2nd Cir. 1990) 909

25 F.2d 662, cert. denied, 499 U.S. 904 (1991) (bribery and accepting a gratuity (a

26 lesser included offense of bribery) – both based on the same act (a promise of future

27 employment) – constitute a single predicate act.)

28      Dismissal of the RICO Claim is, therefore, proper. (F.R.C.P. 12(b)(6).)

13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FOURTH, SEVENTEENTH, TWENTY-
SECOND, AND TWENTY-NINTH CLAIMS FOR RELIEF

### 2. **Socheat Has Also Failed To Allege Related Predicate Acts Extending Over A Substantial Period of Time Or As Part of An Ongoing Business.**

As the U.S. Supreme Court noted in *H.J. Inc.,* in defining the word "pattern" contained in the key phrase "pattern of racketeering activity" of 18 U.S.C. § 1962, "**the word 'pattern' here would be taken to require more than just a multiplicity of racketeering predicates**." (Emphasis added.)

In this regard, "…[w]hile two acts are necessary, they may not be sufficient.' (Citations)" (*H.J. Inc., supra,* 492 U.S. at 237.) "Section 1961(5) … assumes that there is something to a RICO pattern beyond simply the number of predicate acts involved." "'…[P]roof of two acts of racketeering activity, without more does not establish a pattern' (Citations)" (*Id.*)

"To establish a RICO pattern it must also be shown that the predicates themselves amount to, or that they otherwise constitute a threat of, continuing racketeering activity." (*HJ Inc., supra*, 492 U.S. at 240-241.)

"Continuity" refers either "to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." (*Id.* 241) A closed period may be proved by "**a series of related predicates** extending over a substantial period of time." (*Id.* 241) (Emphasis added.) While, "the threat of continuity may be established by showing that the **predicate acts or offenses** are part of an ongoing entity's regular way of doing business." (*Id.* 241) (Emphasis added.)

The Second Circuit in *United States v. Kaplan* (2nd Cir. 1989) 886 F.2d 536, 542, held that continuity or threat of continuity can be shown by either related predicate acts extending over a long time period or by reference to external facts that indicate that the defendant's activities are **not** "**isolated**" **or** "**sporadic**." (*Kaplan, supra,* 886 F.2d at 542-43.) Here, Socheat has alleged an isolated act or episode of forced labor, not multiple predicates, over a period of approximately twenty-two

1  months, with a six-month break to be with her husband Yam. (SAC, ¶ 285.) Said
2  allegations do not establish the requisite pattern of racketeering activity.

3      Nor, is it evident from the pleading that the alleged racketeering acts are part
4  of the Defendants' regular way of doing business or part of a long-term association
5  that exists for criminal purposes.

6      Dismissal of Plaintiff's RICO Claim on this ground is, therefore, proper.
7  (F.R.C.P. 12(b)(6).)

8      **3.  The RICO Claim Is Limited to A Single Alleged Victim.**

9      Socheat's RICO allegations are limited to a single alleged victim, namely,
10 Socheat.

11     A RICO violation contemplates multiple victims. Other courts have
12 considered the number of alleged RICO victims in determining whether a RICO
13 claim has been plead and/or established. (See *Jones v. Lampe* (7th Cir. 1988) 845
14 F.2d 755, 757 ("(1) the number and variety of predicate acts and the length of time
15 over which they were committed; (2) **the number of victims**; (3) the presence of
16 separate schemes; and (4) the occurrence of distinct injuries" (Emphasis added));
17 *Barticheck v. Fidelity Union Bank/First Nat'l State* (3rd Cir. 1987) 832 F.2d 36, 39
18 ("the number of unlawful acts, the length of time over which the acts were
19 committed, the similarity of the acts**, the number of victims**, the number of
20 perpetrators, and the character of the unlawful activity" (Emphasis added)); see also
21 *Airlines Reporting Corporation v. AERO Voyagers, Inc.* (S.D.N.Y. 1989) 721
22 F.Supp. 579.) (Emphasis Added.)

23     In *Jones v. Lampe, supra,* 845 F.2d at 757, the court held "**multiple acts of
24 mail fraud in furtherance of a single episode of fraud involving one victim and
25 relating to one basic transaction cannot constitute the necessary pattern**."
26 (Emphasis added.)

27     In *Doe I v. Reddy*, 2003 U.S. Dist. LEXIS 26120, the United Stated District
28 Court of California, Northern District, held the plaintiffs had sufficiently alleged a

15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FOURTH, SEVENTEENTH, TWENTY-
SECOND, AND TWENTY-NINTH CLAIMS FOR RELIEF

RICO claim based on multiple episodes of immigration fraud and hundreds of victims. Similarly, in *Abraham v. Singh* (5th Cir. 2007) 480 F.3d 351, the court held the laborers sufficiently alleged a RICO claim based on an alleged "pattern of racketeering activity" which included multiple episodes of immigration fraud involving numerous victims.

Dismissal of the RICO Claim for failure to plead multiple predicates involving multiple victims over a substantial period of time is, therefore, proper.

### 4. Socheat Has Failed To Allege A Conspiracy To Violate 18 U.S.C. § 1962(c) Or Otherwise.

Since Socheat has not sufficiently alleged the essential elements of a RICO claim under 18 U.S.C. § 1962(c), Socheat's conspiracy claim under 18 U.S.C. § 1962(d) for alleged violation of 18 U.S.C. § 1962(c) also fails as a matter of law.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

16

## IV.   **CONCLUSION**

For the reasons stated herein, the Fourth Claim for Relief of Unlawful Conduct Re: Documents should be dismissed as to all Defendants except Sin, and the Seventeenth Claim for Relief of False Imprisonment, the Twenty-Second Claim of Relief for Negligent Infliction of Emotional Distress, and the Twenty-Ninth Claim for Relief of Violation of Federal Racheteer Influenced and Corrupt Organizations Act, should be dismissed as to all Defendants. Further, the order of dismissal should be entered without leave to amend because, as established herein, the identified pleading defects cannot be cured by amendment.

DATED: September 19, 2017

Respectfully Submitted,
SULLIVAN, KRIEGER, TRUONG
SPAGNOLA & KLAUSNER, LLP


__/s/Eliot F. Krieger_____
Eliot F. Krieger, P.C.
Heidi Stilb Lewis
Christopher L. Wong
Attorneys for Defendants
LAM SIN YAM; RAY LIM;
TIFFANY NGO; NGO ASSET
MANAGEMENT, LLC;
TIFFANY NGO IN HER CAPACITY
AS TRUSTEE OF THE TIFFANY
NGO LIVING TRUST UTD; CRUISE
THRU DAIRY D/B/A CRUISE THRU
DAIRY, VALERO MART INC.
D/B/A VALERO MART/ARCO
MARKET INC., and TIFFANY NGO
D/B/A SPEEDY WASH