1 | SULLIVAN, KRIEGER, TRUONG,
SPAGNOLA & KLAUSNER, LLP
2 | Eliot F. Krieger, (SBN: 159647)
*EKrieger@SKTLawyers.com*
3 | Heidi S. Lewis, Esq., State Bar No. 98046
*HLewis@SKTLawyers.com*
4 | Christopher L. Wong, (SBN: 178374)
*CWong@SKTLawyers.com*
5 | 444 West Ocean Boulevard, Suite 1700
Long Beach, California 90802
6 | Office: (562) 597-7070
Facsimile: (562) 597-7772

7

Attorneys for Defendants
8 | LAM SIN YAM; RAY LIM; TIFFANY NGO;
NGO ASSET MANAGEMENT, LLC;
9 | TIFFANY NGO IN HER CAPACITY AS
TRUSTEE OF THE TIFFANY NGO
10 | LIVING TRUST UTD; CRUISE THRU DAIRY
D/B/A CRUISE THRU DAIRY, VALERO MART
11 | INC. D/B/A VALERO MART/ARCO MARKET
INC., and TIFFANY NGO D/B/A SPEEDY
12 | WASH

13 | **UNITED STATES DISTRICT COURT**

14 | **CENTRAL DISTRICT OF CALIFORNIA**

15 | SOCHEAT CHY,                                  ) Case No. 2:17-cv-04325-VAP-AGR
                                                  )
16 |               Plaintiff,                     ) **REPLY IN SUPPORT OF**
                                                  ) **DEFENDANTS LAM SIN YAM;**
17 |       v.                                     ) **RAY LIM; TIFFANY NGO; NGO**
                                                  ) **ASSET MANAGEMENT, LLC;**
18 | LAM SIN YAM;                                 ) **TIFFANY NGO IN HER CAPACITY**
     RAY LIM;                                     ) **AS TRUSTEE OF THE TIFFANY**
19 | TIFFANY NGO;                                 ) **NGO LIVING TRUST UTD;**
     NGO ASSET MANAGEMENT, LLC;                   ) **CRUISE THRU DAIRY D/B/A**
20 | TIFFANY NGO IN HER CAPACITY                  ) **CRUISE THRU DAIRY; VALERO**
     AS TRUSTEE OF THE TIFFANY                    ) **MART INC. D/B/A VALERO**
21 | NGO LIVING TRUST UTD;                        ) **MART/ARCO MARKET INC.; AND**
     NAING LAM YAM;                               ) **TIFFANY NGO D/B/A SPEEDY**
22 | CINDY KANYA CHAN;                            ) **WASH MOTION TO DISMISS**
     MOLICA RATHA KEO;                            ) **PLAINTIFF'S FOURTH,**
23 | NIVODETH KHIEV;                              ) **SEVENTEENTH, TWENTY-**
     CRUISE THRU DAIRY, D/B/A                     ) **SECOND, AND TWENTY-NINTH**
24 | CRUISE THRU DAIRY;                           ) **CLAIMS FOR RELIEF FOR**
     VALERO MART INC., D/B/A                      ) **FAILURE TO STATE A CLAIM**
25 | VALERO MART/ARCO MARKET                      ) **(F.R.C.P. 12(b)(6))**
     INC.; and                                   )
26 | TIFFANY NGO, D/B/A SPEEDY                    ) Hearing Date:  November 6, 2017
     WASH,                                        ) Time:                1:30 P.M.
27 |                                              ) Court Room:    8A
                   Defendants.                    )
28 | _____ )

i
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

# **TABLE OF CONTENTS**

I.  INTRODUCTION ……………………………………………….  1

II.  LEGAL ARGUMENT …………………………………………...  2

    A. THE FOURTH CLAIM FOR RELIEF OF UNLAWFUL
       CONDUCT RE: DOCUMENTS SHOULD BE
       DISMISSED AS TO ALL DEFENDANTS, EXCEPT
       SIN, BECAUSE ONLY SIN IS ALLEGED TO HAVE
       TAKEN AND WITHHELD THE PASSPORT ………......  2

    B. THE SEVENTEENTH CLAIM FOR RELIEF OF FALSE
       IMPRISONMENT SHOULD BE DISMISSED
       BECAUSE IT IS BARRED BY THE ONE YEAR
       STATUTE OF LIMITATIONS …………………………..  4

    C. THE TWENTY-SECOND CLAIM FOR RELIEF OF
       NEGLIGENT INFLICTION OF EMOTIONAL
       DISTRESS FAILS TO STATE A CLAIM FOR RELIEF
       AND THEREFORE SHOULD BE DISMISSED ………..  7

    D. THE TWENTY-NINTH RICO CLAIM SHOULD BE
       DISMISSED BECAUSE SOCHEAT HAS FAILED TO
       ALLEGE THE REQUISITE ELEMENTS OF A RICO
       CLAIM …………………………………………………  9

       1.  Socheat's RICO Claim for Relief Fails To Allege Two
          Or More Predicate Acts As Necessary For Establishing
          A Pattern Of Racketeering ………………………………..  10

       2.  Socheat Cannot Fragment A Series Of Related Acts To
          Create Two Or More Predicate Acts …………………..  11

       3.  Socheat Cannot Rely On The Lesser Included Offenses
          and/or Acts Necessary To Accomplish The Alleged
          Forced Labor To Establish Two Or More Predicate
          Acts..................................................................................  12

       4.  Socheat Has Not Alleged A Pattern Of Racketeering …  13

       5.  Socheat Has Failed To Allege Conspiracy To Violate
          18 U.S.C. § 1962(c) Or Otherwise …………………….  15

IV.  CONCLUSION ………………………………………………..  16

1

# <u>TABLE OF AUTHORITIES</u>

2

<u>Cases</u>

3
4
*Barticheck v. Fidelity Union Bank/First Nat'l State*, 832 F.2d 36, 39 (3d Cir. 1987) ........................................................................................................ 13

5
*Cervantes v. City of San Diego* 5 F.3d 1273, 1276 (9th Cir. 1993) ........................ 5, 7, 9

6
*Collins v. Los Angeles County* (1966) 241 Cal.App.2d 451, 454 ................................. 4, 6

7
*Ford v. Artiga*, 2013 U.S. Dist. LEXIS 106805 ................................................. 6, 7

8
*H.J. Inc. v. NW Bell Tel. Co.,* 492, U.S. 229 (1989) .......................................... 13

9
*Hernandez v. Attisha,* 2010 U.S. Dist. LEXIS 20235 ........................................ 4, 6

10
*Hernandez v. City of Richmond*, 2014 U.S. Dist. LEXIS 143486 ............................. 7, 8

11
*Jones v. Lampe*, 845 F.2d 755, 757(7th Cir. 1988) .......................................... 13

12
*Mairi Nunag-Tanedo v. E. Baton Rouge Parish Sch. Bd.,* 790 F. Supp. 2d 1134, 1151 (C.D. Cal. 2011), ................................................................. 11

13
14
*Martinez v. Calimlim,* 651 F. Supp. 2d 852, 856 (E.D. Wisc. 2009) ......................... 11

*Polycast Tech. Corp. v. Uniroyal, Inc.* (S.D.N.Y. 1989) 728 F. Supp. 926 ................ 11, 12

15
*Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal. 4th 965, 984-985 ......................... 7

16
*Regents of University. Of California v. Superior Court* (1999) 20 Cal.4th 509, 533 ............................................................................................ 5

17
18
*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S. Ct. 3275, 3286, 87 L. Ed. 2d 346 (1985) ......................................................................... 14

19
*Stoll v. Runyon,*165 F.3d 1238, 1242 (9th Cir. 1999) ....................................... 4, 5

20
*Summers v. Delta Airlines, Inc.*, 805 F. Supp. 2d 874, 887 (N.D. Cal. 2011) ................... 8

21
*United States v. Biaggi*, 909 F.2d 662 (2d Cir. 1990), *cert. denied*, 499 U.S. 904 (1991) .................................................................................. 12

22
*United States v. Christensen,* 828 F.3d 763, 782 (9th Cir. 2016) .............................. 10

23
24
*United States v. Indelicato*, 865 F.2d 1370 (2d Cir.) (en banc), *cert. denied*, 491 U.S. 907 (1989), ..................................................................... 11

25
26
*United States v. Nnaji,* 447 Fed. Appx. 558, 560, 2011 U.S. App. LEXIS 21828 ............................................................................................ 3

27
*United States v. Walgren* (9th Cir. 1989) 885 F.2d 1417, 1425-1426 ........................ 10, 11

28
*Wyatt v. Union Mortgage Co.* (1979) 24 Cal.3d 773, 784-785 ................................. 15

## <u>Statutes</u>

18 U.S.C. § 1589................................................................................. 12

18 U.S.C. § 1592................................................................................. 12

18 U.S.C. § 1961.......................................................................... 10, 14

18 U.S.C. § 1961 (5)..................................................................... 10, 14

18 U.S.C. § 1962(c)..............................................................2, 9, 13, 15

18 U.S.C. §§ 1592 and 1595.................................................................. 2

18 U.S.C. §§1584, 1589, 1590, and 1592..................................... 10, 13

18 U.S.C. §§1964, 1962(c)-(d) ............................................................. 9

18 U.S.C. §1962(d)......................................................................2, 9, 15

18 USCS §§ 1581-1592 ...................................................................... 10

*California Code of Civil Procedure* § 340(c) .................................. 1, 4

Federal Rules of Civil Procedure 12(b)(6) ................................. passim

## I.    INTRODUCTION

The Defendants LAM SIN YAM ("Sin"), RAY LIM ("Lim"), TIFFANY NGO ("Ngo"), NGO ASSET MANAGEMENT, LLC. ("NAM"), TIFFANY NGO IN HER CAPACITY AS TRUSTEE OF THE TIFFANY NGO LIVING TRUST UTD ("TNLT"), CRUISE THRU DAIRY D/B/A CRUISE THRU DAIRY ("CTD"), VALERO MART INC. D/B/A VALERO MART/ARCO MARKET INC. ("Valero"), and TIFFANY NGO D/B/A SPEEDY WASH ("Speedy Wash") (Collectively "Defendants") have filed a Federal Rules of Civil Procedure ("F.R.C.P.") 12(b)(6) motion to dismiss Plaintiff Socheat Chy's ("Socheat" or "Plaintiff") Fourth Claim for Relief of Unlawful Conduct Re: Documents, Seventh Claim for Relief of False Imprisonment, Twenty-Second Claim for Relief of Negligent Infliction of Emotional Distress, and Twenty-Ninth Claim for Relief of Violations of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO Claim") of her Second Amended Complaint ("SAC").

Dismissal of the Fourth Claim for Relief of Unlawful Conduct Re: Documents, as relates to all Defendants, but Sin, is proper because only Sin is alleged to have taken and withheld Socheat's passport and there are no allegations that any of the other Defendants knew Socheat's passport had been taken.

Defendants also seek dismissal of the Seventeenth Claim for Relief of False Imprisonment because it is barred by the one-year statute of limitations under *California Code of Civil Procedure* ("CCP") § 340(c), since Socheat's complaint was filed on June 9, 2017, more than one year after termination on September 28, 2015, of Socheat's alleged false imprisonment.

Dismissal of the Twenty-Second Claim for Relief of Negligent Infliction of Emotional Distress is proper because there is no independent tort for negligent infliction of emotional distress and Socheat has not alleged sufficient additional particularized facts to support a second Negligence claim.

1   Defendants also seek dismissal of the recently added Twenty-Ninth RICO

2   Claim because Socheat has not alleged the requisite two or more predicate acts

3   and/or a "pattern of racketeering activity" as necessary to state a claim for violation

4   of 18 U.S.C. § 1962(c) and 18 U.S.C. §1962(d).

5   Socheat does not, by her opposition, refute Defendants' grounds for dismissal.

6   Therefore, dismissal of each of the identified claims is proper. (F.R.C.P. 12(b)(6).)

7   Further, since Socheat failed, despite numerous opportunities through her amended

8   pleadings and the meet and confer process, to cure the identified defects, dismissal

9   should be without leave to amend.

10   **II.   LEGAL ARGUMENT**

11   **A. THE FOURTH CLAIM FOR RELIEF OF UNLAWFUL**

12   **CONDUCT RE: DOCUMENTS SHOULD BE DISMISSED AS**

13   **TO ALL DEFENDANTS, EXCEPT SIN, BECAUSE ONLY**

14   **SIN IS ALLEGED TO HAVE TAKEN AND WITHHELD THE**

15   **PASSPORT**

16   Defendants Ngo, Lim, NAM, TNLT, CTD, Valero, and Speedy Wash, and

17   each of them ("Defendants"), seek dismissal of the Fourth Claim for Relief as

18   against them because the allegations of the Second Amended Complaint state that

19   only Sin requested and obtained possession of Socheat's passport. (SAC, ¶45.) In

20   opposition, Socheat maintains that the claim is proper as against the other

21   Defendants because she has purportedly "alleged facts to demonstrate both that

22   Defendant Sin removed, confiscated, possessed her documents in violation of 18

23   U.S.C. §§ 1592 and 1595, and that each and all (sic) these Defendants knowingly

24   benefitted from the misconduct and conspired in Ms. Chy's corresponding

25   trafficking scheme. (Compl. ¶¶7-12, 44-57, 72-77, 120)" Socheat's ¶120 of the

26   Second Amended Complaint alleges that "All Defendants either perpetrated the

27   described acts or knowingly and financially benefitted from them."

28

Socheat's Second Amended Complaint, however, does not allege how each of the Defendants knowingly benefitted from the alleged confiscation of the passport and/or that they were even aware of the alleged confiscation of the passport. (See *United States v. Nnaji,* 447 Fed. Appx. 558, 560, 2011 U.S. App. LEXIS 21828, wherein the defendant Ngozi's document servitude conviction was affirmed based on evidence that "Ngozi **watched as Emmanuel confiscated the passport** she used to enter the United States and that the victim did not again see the passport." (Emphasis Added.) Socheat's catch-all conclusory allegation in paragraph 120 is insufficient to establish Defendants' liability for the alleged acts of Sin because it does not establish Defendants were aware of the alleged confiscation of Socheat's passport.

Further, contrary to Socheat's contention, general allegations of conspiracy, alter ego and/or agency, are insufficient to demonstrate a knowing benefit to Defendants of the alleged passport confiscation and/or that each of these defendants which seek dismissal knew or should have known of the alleged confiscation.

Moreover, Socheat has had ample opportunity (i.e. original complaint, first amended complaint and second amended complaint) within which to allege facts that the Defendants, and each other, knew or should have known of the alleged confiscation and knowingly benefitted from the same.

Dismissal of the Fourth Claim for Relief as against Ngo, Lim, NAM, TNLT, CTD, Valero, and Speedy Wash, and each of them, is therefore proper for the failure to state a claim as against said Defendants, and each of them. (F.R.C.P. 12(b)(6).)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## B. THE SEVENTEENTH CLAIM FOR RELIEF OF FALSE IMPRISONMENT SHOULD BE DISMISSED BECAUSE IT IS BARRED BY THE ONE YEAR STATUTE OF LIMITATIONS

Socheat has alleged by her Seventeenth Claim for Relief that Defendants detained her against her will from June 2013 through September 28, 2015.[1]

Defendants seek by their Rule 12(b)(6) motion, dismissal of the Socheat's Seventeenth Cause of Action for False Imprisonment on the grounds that it is barred by the one-year statute of limitations under CCP § 340(c) because Socheat did not file her false imprisonment claim for relief until June 9, 2017[2], more than a year after she allegedly escaped from her alleged wrongful detention on September 28, 2015.[3]

CCP § 340(c) requires that the action for false imprisonment be filed within one year. An action for false imprisonment accrues upon termination of the imprisonment. (*Collins v. Los Angeles County* (1966) 241 Cal.App.2d 451, 454.)

In response, Socheat maintains that Defendants are estopped from asserting the one-year statute of limitations as a result of her purported allegations supporting the application of the doctrine of equitable tolling. (Opp. Pgs 7-8) However, equitable tolling has only been recognized in cases where the plaintiff is **unable** to bring suit or exercise an available remedy. (*Hernandez v. Attisha,* 2010 U.S. Dist. LEXIS 20235, *13, 2010 WL 816160) For example, in *Stoll v. Runyon,* 165 F.3d 1238, 1242 (9th Cir. 1999), equitable tolling of plaintiff's sexual harassment claim

---

[1] Second Amended Complaint ¶¶83, 192

[2] See Request for Judicial Notice of the date of the filing of Socheat's complaint filed in support of the Motion to Dismiss.

[3] The accrual of an alleged false imprisonment claim against these defendants may have occurred as early as October 2013 when she voluntarily left her alleged imprisonment to reside with her husband for several months before voluntarily returning to the alleged forced labor. (SAC, ¶¶66-71.)

1  was allowed based on overwhelming evidence of Stoll's psychological incapacity

2  which prevented her from timely pursuing the claim.

3      In *Stoll,* the plaintiff had been subjected to rape, sexual abuse, and assault

4  which had severely impacted her ability to function in open society. The Plaintiff

5  had presented overwhelming evidence that she was completely psychiatrically

6  disabled during the relevant limitation period, to the extent that she could not read or

7  even open mail. In *Regents of University. Of California v. Superior Court* (1999) 20

8  Cal.4th 509, 533, equitable tolling was applied because the defendants' fraud

9  prevented the plaintiff from timely filing a claim.

10     Socheat does not allege that she was suffering from physical or mental

11 incapacity or subjected to a fraud, which prevented her from timely filing an action

12 for false imprisonment.

13     Indeed, it is apparent from the face of Socheat's pleading that Socheat cannot

14 prevail as a matter of law upon the equitable tolling issue. (see *Cervantes v. City of*

15 *San Diego* 5 F.3d 1273, 1276 (9th Cir. 1993), wherein the court noted in this regard,

16 "Previously, it is true, we have upheld dismissals in a handful of cases despite a

17 claim of equitable tolling. **However, in each of these unusual cases, some fact,**

18 **evident from the face of the complaint, supported the conclusion that the**

19 **plaintiff could not prevail, as a matter of law, on the equitable tolling issue**

20 (Citations.)" (Emphasis Added.)

21     Here Socheat establishes by her own allegations (SAC, ¶¶82 and 83) relating

22 to the steps she took to be rescued, including, writing a note, obtaining a cellphone

23 and contacting a police officer, that she was physically and mentally able upon

24 being rescued to timely file a claim for false imprisonment. Specifically,

25     "In or around August 2015, Socheat decided to try to contact a police officer

26     that she had seen in the store a few times, who seemed kind. Socheat barely

27     spoke English, and was afraid to speak to him in person, in case Defendant

28     Sin or anyone else overheard. She decided to write a note, but she did not

know the words in English. Over the course of approximately two weeks, Socheat asked customers and coworkers how to say and spell the words she needed. She never asked any person for more than one or two words, so that no one would become suspicious or give her away. Eventually, Socheat pieced together a short note asking for the officer's help, and in August 2015 she had a customer pass the note to the officer when he visited the store. Later, the officer left Socheat a note with his contact information. After that, Socheat discreetly secured a phone and contacted the officer to tell him about her situation. Socheat was rescued by law enforcement on September 28, 2015, and law enforcement later raided Defendants' properties." (SAC, ¶¶82 and 83)

These allegations (SAC, ¶¶82 and 83) do not support the application of equitable tolling because they establish Socheat had the ability to protect her rights notwithstanding the alleged wrongdoing of the Defendants. That Socheat was allegedly "unable to rebuild her life after rescue" does not negate the import of the alleged affirmative steps she took to secure her rescue.

Further, Socheat's reliance upon *Hernandez v. Attisha,* No. 09CV-2257-IEGWMC, 2010 WL 816160 (S.D. Cal. Mar. 5, 2010) to support her assertion that the alleged false imprisonment prevented her from timely filing her claim for false imprisonment is misplaced. A claim for false imprisonment commences to run when the detention ceases. (*Collins v. Los Angeles County, supra,* 241 Cal.App.2d at 454.) Moreover, in *Hernandez*, it was the wrongful detention which prevented the plaintiff from timely filing a claim for emotional distress. The *Hernandez* court properly applied equitable tolling while the plaintiff remained detained because the plaintiff was not free to pursue the emotional distress claim.

Further, Socheat's reliance upon *Ford v. Artiga*, No. 2:12-CV-02370 KJM-AC, 2013 WL 3941335, at 7 (E.D. Cal. July 30, 2013) for the argument that the equitable tolling issue cannot be reconciled at the pleading stage is misplaced. As

1  noted *supra,* unlike the pleading in *Ford v. Artiga* and *Cervantes v. City of San*
2  *Diego* 5 F.3d 1273 (9th Cir. 1993), Socheat's allegations (SAC, ¶¶ 82 and 83)
3  reflect she was able to protect her rights by securing her own rescue. Consequently,
4  Socheat should not be permitted to escape the bar of her alleged false imprisonment
5  claim by application of the doctrine of equitable tolling.

6       Finally, any additional allegations by an amended complaint to support
7  equitable tolling would materially conflict with the existing allegations in SAC ¶¶82
8  and 83, which establish Socheat was capable of protecting her rights.

9       As such, the Seventeenth Claim for Relief of False Imprisonment fails to state
10  a claim for relief as against these Defendants and therefore should be dismissed
11  without leave to amend. (F.R.C.P. 12(b)(6).)

12       **C. THE TWENTY-SECOND CLAIM FOR RELIEF OF**
13       **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
14       **FAILS TO STATE A CLAIM FOR RELIEF AND**
15       **THEREFORE SHOULD BE DISMISSED**

16       Socheat seeks, by her Twenty-Second Claim for Relief, damages based on
17  allegations of negligent infliction of emotional distress arising from her alleged
18  forced labor (the "NEID"). Socheat also has included in her Second Amended
19  Complaint a Twentieth Claim for Relief for Negligence whereby she seeks
20  emotional distress damages based on allegations of forced labor. Defendants seek by
21  their motion, to dismiss the Twenty-Second Claim for Relief, under the general
22  principle of law that "there is no independent tort of negligent infliction of
23  emotional distress." (*Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal. 4th 965,
24  984-985.)

25       In opposition, Socheat relies on *Hernandez v. City of Richmond*, No. 14-CV-
26  03079-JST, 2014 WL 5034756 (N.D. Cal. Oct. 8, 2014) to maintain that she may as
27  matter of law allege "'…multiple independent theories of negligence' by pleading
28  'additional particularized facts in support of a NEID theory.'" (Opp.pg. 10)

Defendants do not dispute that a party may plead multiple <u>negligence</u> claims **provided that** each additional claim **alleges additional particularized facts** to support the additional claims of negligence. As the court in *Hernandez* noted in this regard,

> "This is not to say that Plaintiff may not proceed with multiple, independent theories of negligence. **But unless Plaintiff pleads additional, particularized facts in support of a separate NEID theory, his NEID cause of action duplicates his negligence cause of action and must be dismissed.** See *Summers v. Delta Airlines, Inc*., 805 F. Supp. 2d 874, 887 (N.D. Cal. 2011) ("Plaintiff's [NIED] cause of action is insufficiently pled. . . . **Plaintiff's allegations of emotional distress are connected to the physical injury that is the basis for her ordinary negligence claim, and any damages related to that distress can be recovered as 'parasitic damages' in the negligence claim. . . . As currently pled, therefore, Plaintiff's [NEID] claim is no more than a restatement of her third cause of action for negligence.").**
>
> Currently, **Plaintiff's NEID claim does not accuse Defendant of any wrongdoing beyond that alleged in support of the ninth cause of action for negligence.** <u>Se</u>e ECF No. 1, Ex. A, ¶¶ 34-36. Plaintiff provides no additional facts or theories (such as third party NIED or a separate set of accusations) to give substance to a separate NIED claim. **Accordingly, Plaintiff's NEID claim is factually insufficient as pled.** (*Hernandez* at **12-13)

As the plaintiff in *Hernandez*, Socheat has failed to allege any wrongdoing beyond the alleged wrongful conduct contained in the Twentieth Negligence Claim for Relief. The NEID claim is based on the same allegations of duty and breach as Socheat's Negligence claim. (SAC, ¶¶ 209, 210, 217 and 218.) Socheat has also expressly incorporated by reference into her NEID all the preceding allegations of

the Second Amended Complaint, including the allegations of the Twentieth Claim for Relief of Negligence. (SAC, ¶215.)

Moreover, Socheat has had multiple opportunities, by her original, First Amended and Second Amended Complaints, to allege additional particularized acts in the NEID claim. The insufficiency of the NEID was repeatedly addressed in each of the required meet and confer conference between counsel for the parties herein. Yet, Socheat did not, as required by the court in *Cervantes*, allege by either amended pleading, additional particularized facts of wrongdoing that were not already alleged in the Negligence Claim. Nor, did she allege damages that are not connected to the alleged forced labor, which is the subject matter of both the NEID and negligence claims. The Twenty-Second Claim for Relief is merely a restatement of Socheat's negligence claim.

Accordingly, the Twenty-Second Claim for Relief should be dismissed for failure to state a claim as a matter of law. (F.R.C.P. 12(b)(6).)

### D. THE TWENTY-NINTH RICO CLAIM SHOULD BE DISMISSED BECAUSE SOCHEAT HAS FAILED TO ALLEGE THE REQUISITE ELEMENTS OF A RICO CLAIM

Socheat has filed a Twenty-Ninth Claim for Relief against Defendants based on alleged violations of the Federal Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1962(c)[4] ("RICO Claim"). The Defendants seek by their motion, to dismiss the RICO claim on several grounds, each of which Socheat fails by her opposition to refute as demonstrated by the following:

---

[4] As noted in the Motion to Dismiss, the Plaintiff has failed to specifically identify in the Twenty-Ninth Claim for Relief, that the claim is based on alleged violations of 18 U.S.C.§§ 1962(c) and 1962(d) (conspiracy to violate 18 U.S.C.§ 1962 (c). However, the Plaintiff directed the Defendants in the meet and confer process concerning this motion to her jurisdictional allegations of ¶2 of the Second Amended Complaint, which specifically identify that Plaintiff is seeking relief on 18 U.S.C. §§1964, 1962 (c)-(d).

### 1. Socheat's RICO Claim for Relief Fails To Allege Two Or More Predicate Acts As Necessary For Establishing A Pattern Of Racketeering.

Socheat has alleged by her RICO claim that the "the RICO Defendants committed or conspired to commit two or more predicate acts, <u>including violations of 18 U.S.C. §§1584, 1589, 1590, and 1592</u>." (SAC, ¶ 285.) (Emphasis Added.) Socheat identifies the alleged statutory violations as the predicate acts.

As Defendants argue by the motion to dismiss, two or more **statutory violations** based on a single alleged act of forced labor **does not satisfy the "two or more predicate acts**" requirement under 18 U.S.C. § 1961 (5).( See *United States v. Walgren* (9th Cir. 1989) 885 F.2d 1417, 1425-1426 which states the general rule of law in this regard, "A pattern  of racketeering activity requires 'at least two *acts* of racketeering,' 18 U.S.C. § 1961(5) (emphasis added), **not 'at least two statutory offenses.'….**" (*Id*. 1425-1426) (Emphasis Added.)

While the facts of *Walgren* are admittedly distinguishable from the alleged facts of Socheat's Second Amended Complaint (mail fraud v. forced labor), *Walgren's* requirement that the alleged racketeering consist of two or more predicate acts and "not at least two statutory offenses," is nevertheless controlling. (See for example, *United States v. Christensen,* 828 F.3d 763, 782 (9th Cir. 2016), citing *Walgren¸* wherein multiple **acts** of bribery satisfied the two or more predicate acts requirement.)

18 U.S.C. § 1961, in defining "racketeering activity," requires the two predicate acts be comprised of actual acts, specifically, "(B) **any act** which is indictable under any of the following provisions of title 18, United States Code:…sections 1581-1592 [18 USCS §§ 1581-1592] (relating to peonage, slavery, and trafficking in persons)…." (Emphasis Added.) Socheat has not alleged two or more predicate **acts,** but multiple offenses based on alleged acts of forced labor.

As established in *Walgren*, Socheat may not create two or more predicate acts from multiple offenses.

Further, Socheat's reliance on *Martinez v. Calimlim,* 651 F. Supp. 2d 852, 856 (E.D. Wisc. 2009) in opposition to the motion to dismiss the RICO claim, is misplaced. In *Martinez*, the plaintiff alleged multiple predicate acts, namely mail and wire fraud and forced labor. Again, Socheat has alleged a series of related acts necessary to her forced labor claim. Likewise, *Mairi Nunag-Tanedo v. E. Baton Rouge Parish Sch. Bd.,* 790 F. Supp. 2d 1134, 1151 (C.D. Cal. 2011), cited by Socheat, is distinguishable because it involved multiple plaintiffs and alleged predicate acts of extortion and forced labor.

## 2.   Socheat Cannot Fragment A Series Of Related Acts To Create Two Or More Predicate Acts.

Socheat's insistence that the forced labor allegations are comprised of multiple predicate acts (Opp. Pg. 16) is but an attempt to fragment a series of acts necessary to establish the alleged forced labor.[5] As noted in the Motion to Dismiss, such fragmentation to create multiple predicate acts is prohibited by law. (See *Polycast Tech. Corp. v. Uniroyal, Inc.* (S.D.N.Y. 1989) 728 F. Supp. 926 wherein the court noted the Second Circuit's warning in *United States v. Indelicato*, 865 F.2d 1370 (2d Cir.) (en banc), *cert. denied*, 491 U.S. 907 (1989), that "it would '**disapprove** any attempt by the government or **a private plaintiff to go beyond Congress' intent and fragment an act that is plainly unitary into multiple acts in order to invoke RICO'**") In *Polycast Tech. Corp. v. Uniroyal, Inc,* the court held that Defendants' "single set of fraudulent statements cannot be split into two separate acts of racketeering activity." Socheat attempts to refute the application of

---

[5] Socheat does not dispute, by her opposition, that she is asserting a single act of alleged forced labor over twenty-two months.

*Polycast* by asserting the Defendants' alleged confiscation of the passport is distinct from the allegations of forced labor.

However, the alleged confiscation of Socheat's passport is not actionable, unless it is in the course of violating 18 U.S.C. § 1589 (forced labor) or with intent to violate 18 U.S.C. § 1589 (forced labor). Socheat can't create two predicate acts by fragmenting the confiscation allegations from the alleged forced labor since, by statute, it is necessarily a part thereof.

Accordingly, Socheat's RICO claim fails to state a claim. Dismissal of Socheat's RICO claim is, therefore, proper. (F.R.C.P. 12(b)(6).)

> ### 3.    Socheat cannot rely on the lesser included offenses and/or acts necessary to accomplish the alleged forced labor to create two or more predicate acts.

Defendants have cited *United States v. Biaggi*, 909 F.2d 662 (2d Cir. 1990), *cert. denied*, 499 U.S. 904 (1991) to support their argument that Socheat cannot rely on the alleged acts or offenses necessary to achieving the alleged forced labor of Socheat, to create multiple predicate acts. In response, Socheat unconvincingly argues that the act of forced labor does not include the confiscation of a passport to effect the forced labor.

To the contrary, and as discussed in part above, the document servitude claim is a lesser offense of forced labor as confirmed by the very definition of 18 U.S.C. § 1592 governing "unlawful conduct with respect to documents in furtherance of trafficking, peonage, slavery, involuntary servitude, or forced labor, "specifically, (a) Whoever knowingly destroys, conceals, removes, confiscates, or possesses any actual or purported passport or other immigration document, or any other actual or purported government identification document, of another person – (1) **in the course of a violation of** section … 1589 [forced labor] …. (2) **with intent to violate** section 1589 [forced labor] … shall be fined under this title or imprisoned for not more than 5 years, or both…" (Emphasis Added.)

1   Socheat therefore has not alleged the requisite predicate acts. As such,

2   dismissal of her RICO claim is proper.

3   **4.    Socheat Has Not Alleged A Pattern Of Racketeering**

4   " ' … [P]roof of two acts of racketeering activity, without more does not

5   establish a pattern' (Citations)" (*H.J. Inc. v. NW Bell Tel. Co.,* 492, U.S. 229

6   (1989).) "To establish a RICO pattern it must also be shown that the predicates

7   themselves amount to, or that they otherwise **constitute a threat of, continuing**

8   **racketeering activity**." (*Id.* at 240-241.) (Emphasis Added.)

9   Socheat has not established by her complaint a "pattern" of racketeering

10  activity by her allegations of multiple acts of forced labor in furtherance of a single

11  episode of forced labor involving one victim. (18 U.S.C. § 1962(c).) In *Jones v.*

12  *Lampe*, 845 F.2d 755, 757(7th Cir. 1988), the court held "multiple acts of mail fraud

13  in furtherance of a single episode of fraud involving one victim and relating to one

14  basic transaction cannot constitute the necessary pattern."

15  Rather, the court must consider "(1) the **number and variety of predicate**

16  **acts** and the length of time over which they were committed; (2) the **number of**

17  **victims**; (3) the **presence of separate schemes**; and (4) the occurrence of distinct

18  injuries." (*Jones v. Lampe*, *supra,* 845 F.2d at 757.) (Emphasis Added.) In

19  *Barticheck v. Fidelity Union Bank/First Nat'l State*, 832 F.2d 36, 39 (3d Cir. 1987),

20  the court considered "**the number of unlawful acts**, the length of time over which

21  the acts were committed, **the similarity of the acts**, **the number of victims**, the

22  number of perpetrators, and **the character of the unlawful activity**") (Emphasis

23  Added.)

24  Defendants' alleged violations of 18 U.S.C. §§ 1584, 1589, 1590, and 1592,

25  do not involve a distinct threat of racketeering activity. Nor, is it evident from the

26  pleading that the alleged forced labor, and other actions necessary to the forced

27  labor, are part of the Defendant entities regular way of doing business or part of a

28  long-term association that exists for criminal purposes. Socheat's allegations do not

satisfy the RICO "pattern" requirement, but rather reflect the occurrence of a sporadic activity (i.e. one alleged incident of forced labor) upon which Socheat has asserted her RICO Claim.

The U.S. Supreme Court in *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S. Ct. 3275, 3286, 87 L. Ed. 2d 346 (1985) addressed this issue of a sporadic activity in its discussion of the "pattern" requirement for a RICO claim:

> "As many commentators have pointed out, the definition of a 'pattern of racketeering activity' differs from the other provisions in § 1961 in that it states that a pattern '*requires* at least two acts of racketeering activity,' § 1961(5) (emphasis added), not [**8] that it 'means' two such acts. The implication is that while two acts are necessary, they may not be sufficient. Indeed, in common parlance two of anything do not generally form a "pattern." **The legislative history supports the view that two isolated acts of racketeering activity do not constitute a pattern.** As the Senate Report explained: "**The target of [RICO] is thus not sporadic activity.** The infiltration of legitimate business normally requires more than 'racketeering activity' and the threat of continuing activity to be effective. **It is this factor of *continuity plus relationship* which combines to produce a pattern."** S.Rep. No. 91-617, p. 158 (1969)(emphasis added). Similarly, the sponsor of the Senate bill, after quoting this portion of the Report, pointed out to his colleagues that the term 'pattern' itself requires the showing of a relationship . . . . **So, therefore, proof of two acts of racketeering activity, without more, does not establish a pattern . . . ."** 116 Cong. Rec. 18940 (1970) (statement of Sen. McClellan). See also *id.*, at 35193 (statement of Rep. Poff) (**RICO "not aimed at the isolated offender.");** House Hearings, at 665. Significantly, in defining "pattern" [**9] in a later provision of the same bill, Congress was more enlightening: "criminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results,

1   participants, victims, or methods of commission, or otherwise are interrelated

2   by distinguishing characteristics and are not isolated events." 18 U.S.C. §

3   3575(e). This language may be useful in interpreting other section of the Act.

4   Cf. *Iannelli v. United States*, 420 U.S. 770, 789, 95 S. Ct. 1284, 1295, 43 L.

5   Ed. 2d 616 (1975)." (Emphasis Added.)

6   Socheat has not alleged the requisite "pattern" but instead an isolated act or

7   episode of alleged forced labor. [6]

8   Therefore, even assuming that Socheat has alleged the requisite predicates

9   (which she has not done), her RICO claim fails because she does not allege a

10   "pattern" of racketeering activity.

11   Dismissal of the RICO claim is therefore appropriate.

### 5.   Socheat has failed to allege conspiracy to violate 18 U.S.C. § 1962(c) or otherwise

14   Socheat's conspiracy claim under 18 U.S.C. § 1962(d) for alleged violation of

15   18 U.S.C. § 1962(c) fails because Socheat has not alleged the essential elements of a

16   RICO claim. Conspiracy is not a separate cause of action but a basis for holding

17   additional defendants liable for the actions of the actual wrongdoers. (*Wyatt v.*

18   *Union Mortgage Co.* (1979) 24 Cal.3d 773, 784-785.) In the absence of a RICO

19   claim, Socheat's conspiracy claim under 18 U.S.C. § 1962(d) for alleged violation

20   of 18 U.S.C. § 1962 cannot be sustained and dismissal is proper. (F.R.C.P.

21   12(b)(6).)

---

[6] Compare *Sun Sav. & Loan Ass'n v. Dierdorff,* 825 F.2d 187, 194 (9th Cir. 1987), wherein the court concluded the predicate acts posed a threat of continuing activity: "In the case before us, the continuity requirement is satisfied. Dierdorff's predicate acts could be said to be part of a single scheme, the scheme whereby Dierdorff received numerous kickbacks and concealed the practice from his employer. Even though a single scheme was involved, the predicate acts constituting the racketeering activity were continuous. They occurred separately over time, and they are not isolated or sporadic events because they posed a threat of continuing activity."

### III.   CONCLUSION

For the reasons stated herein, the Fourth Claim for Relief of Unlawful Conduct Re: Documents should be dismissed as to all Defendants except Sin, and the Seventeenth Claim for Relief of False Imprisonment, the Twenty-Second Claim of Relief for Negligent Infliction of Emotional Distress, and the Twenty-Ninth Claim for Relief of Violation of Federal Racheteer Influenced and Corrupt Organizations Act, should be dismissed as to all Defendants. Further, the order of dismissal should be entered without leave to amend because, as established herein, the identified pleading defects cannot be cured by amendment.

DATED: October 23, 2017

SULLIVAN, KRIEGER, TRUONG SPAGNOLA & KLAUSNER, LLP

 /s/Eliot F. Krieger
Eliot F. Krieger, P.C.
Heidi Stilb Lewis
Christopher L. Wong
Attorneys for Defendants
LAM SIN YAM; RAY LIM;
TIFFANY NGO; NGO ASSET
MANAGEMENT, LLC; TIFFANY
NGO IN HER CAPACITY AS
TRUSTEE OF THE TIFFANY NGO
LIVING TRUST UTD; CRUISE
THRU DAIRY D/B/A CRUISE THRU
DAIRY, VALERO MART INC.
D/B/A VALERO MART/ARCO
MARKET INC., and TIFFANY NGO
D/B/A SPEEDY WASH

### CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan, Krieger, Truong, Spagnola & Klausner, LLP, 2 Park Plaza, Suite 900, Irvine, CA 92614.

I hereby certify that a true and correct copy of the above and foregoing document(s) have been served on September 19, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5-3.2.3. All other parties who have not consented to electronic service via the Court's CM/ECF system will be served by the following method:

[X] (BY U.S. MAIL) I caused such document(s) to be deposited with the U.S. Postal Service by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California, addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[  ] (BY OVERNIGHT DELIVERY) I caused such document(s) to be deposited in a sealed envelope for collection and overnight delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices, addressed as set forth below. I am readily familiar with the firm's practice of collection and processing packages for overnight delivery by Federal Express.

Cindy Kanya Chan
9463 Arkansas Street
Bellflower, CA 90706

Molica Ratha Keo
2550 Chestnut Ave.
Long Beach, CA 90806

Naing Lam Yam
2550 Chestnut Ave.
Long Beach, CA 90806

Nivodeth Khiev
2550 Chestnut Ave.
Long Beach, CA 90806

-1-

1    I declare under penalty of perjury under the laws of the State of California

2    that the foregoing is true and correct.

3    Executed on October 23, 2017, at Irvine, California.

4

5                                    /s/Lucy Tom
                                     Lucy Tom

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
Case No. 2:17-cv-04325-VAP-AGR