1 | SCHUCHERT, KRIEGER, TRUONG,
SPAGNOLA & KLAUSNER, LLP
2 | Eliot F. Krieger, (SBN: 159647)
*EKrieger@SKTLawyers.com*
3 | Heidi S. Lewis, Esq., State Bar No. 98046
*HLewis@SKTLawyers.com*
4 | Christopher L. Wong, (SBN: 178374)
*CWong@SKTLawyers.com*
5 | 444 West Ocean Boulevard, Suite 1700
Long Beach, California 90802
6 | Office: (562) 597-7070
Facsimile: (562) 597-7772
7 |
Attorneys for Defendants
8 | LAM SIN YAM; RAY LIM; TIFFANY NGO;
NGO ASSET MANAGEMENT, LLC;
9 | TIFFANY NGO IN HER CAPACITY AS
TRUSTEE OF THE TIFFANY NGO
10 | LIVING TRUST UTD; CRUISE THRU DAIRY
D/B/A CRUISE THRU DAIRY, VALERO MART
11 | INC. D/B/A VALERO MART/ARCO MARKET
INC., and TIFFANY NGO D/B/A SPEEDY
12 | WASH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCHEAT CHY, | Case No. 2:17-cv-04325-VAP-AGR |
| Plaintiff, | **DEFENDANTS LAM SIN YAM; RAY LIM; TIFFANY NGO; NGO ASSET MANAGEMENT, LLC; TIFFANY NGO IN HER CAPACITY AS TRUSTEE OF THE TIFFANY NGO LIVING TRUST UTD; CRUISE THRU DAIRY D/B/A CRUISE THRU DAIRY; VALERO MART INC. D/B/A VALERO MART/ARCO MARKET INC.; AND TIFFANY NGO D/B/A SPEEDY WASH'S ANSWER TO SECOND AMENDED COMPLAINT** |
| v. | |
| LAM SIN YAM; RAY LIM; TIFFANY NGO; NGO ASSET MANAGEMENT, LLC; TIFFANY NGO IN HER CAPACITY AS TRUSTEE OF THE TIFFANY NGO LIVING TRUST UTD; NAING LAM YAM; CINDY KANYA CHAN; MOLICA RATHA KEO; NIVODETH KHIEV; CRUISE THRU DAIRY, D/B/A CRUISE THRU DAIRY; VALERO MART INC., D/B/A VALERO MART/ARCO MARKET INC.; and TIFFANY NGO, D/B/A SPEEDY WASH, | Court Room:    7C |
| | Judge:    Virginia A. Phillips |
| | Complaint Filed: June 9, 2017 |
| | Trial Date:    January 22, 2019 |
| Defendants. | |

1   Defendants LAM SIN YAM ("Sin"), RAY LIM ("Lim"), TIFFANY NGO

2   ("Ngo"), NGO ASSET MANAGEMENT, LLC. ("NAM"), TIFFANY NGO IN

3   HER CAPACITY AS TRUSTEE OF THE TIFFANY NGO LIVING TRUST UTD

4   ("TNLT"), CRUISE THRU DAIRY D/B/A CRUISE THRU DAIRY ("CTD"),

5   VALERO MART INC. D/B/A VALERO MART/ARCO MARKET INC.

6   ("Valero") and TIFFANY NGO D/B/A SPEEDY WASH ("Speedy Wash")

7   (collectively "Defendants"), and each of them, hereby submit their answers and

8   additional defenses to Plaintiff SOCHEAT CHY's ("Socheat" and/or "Plaintiff")

9   Second Amended Complaint ("SAC") as follows:

10   **NATURE OF THE ACTION**

11   1.   The allegations set forth in Plaintiff's "NATURE OF ACTION" are

12   argument to which no response is required. To the extent that the allegations purport

13   to be factual in nature, Defendants, and each of them, deny the allegations.

14   **JURISDICTION AND VENUE**

15   2.   Defendants admit the allegations of paragraph 2.

16   3.   Defendants admit the allegations of paragraph 3.

17   4.   Defendants admit the allegations of paragraph 4.

18   5.   Defendants admit the allegations of paragraph 5.

19   **THE PARTIES**

20   6.   Defendants admit that Socheat is Cambodian. But except as so

21   admitted, deny each and every allegation of paragraph 6.

22   7.   Defendants admit that "Defendant Lam Sin Yam ('Defendant Sin'),

23   known to Socheat as 'Sing Lim,' is the sister of Defendant Naing Lam Yam, the

24   mother of Defendants Tiffany Ngo and Ray Lim, and resides in Palmdale,

25   California." Except as so admitted, Defendants deny each and every allegation of

26   paragraph 7.

27   8.   Defendants admit that "Defendant Naing Lam Yam ('Defendant Yam')

28   is the brother of Defendant Sin, the uncle of Defendants Tiffany Ngo and Ray Lim,

and resides in Long Beach California." Except as admitted, Defendants deny each and every allegation of paragraph 8.

9.      Defendants admit that "Defendant Tiffany Ngo ('Defendant Ngo') is the daughter of Defendant Sin, the niece of Defendant Yam, the sister of Defendant Ray Lim, and resides in Palmdale, California." Defendants admit that "Defendant Ngo owns or owned Defendants Cruise Thru Dairy, d/b/a Cruise Thru Dairy; Valero Mart Inc., d/b/a Valero Mart/ Arco Market Inc.; and Tiffany Ngo, d/b/a Speedy Wash." Defendants admit that "Defendant Ngo is also the agent of an asset management company, Ngo Asset Management, LLC." Except as admitted, Defendants deny each and every allegation of paragraph 9.

10.      Defendants admit that "Defendant Ngo Asset Management, LLC ('Defendant Ngo Asset Management') is located at 101 East Avenue J, Lancaster, California 93535, and owns or owned the shopping center…" Except as admitted, Defendants deny each and every allegation of paragraph 10.

11.      Defendants admit that "Defendant Tiffany Ngo in her capacity as trustee of The Tiffany Ngo Living Trust UTD ('Defendant Ngo Trustee'), is a trust created under the laws of California with a mailing address in Palmdale, California. Defendant Ngo is the trustee of The Tiffany Ngo Living Trust UTD." Except as admitted, Defendants deny each and every allegation of paragraph 11.

12.      Defendants admit that "Defendant Ray Lim ('Defendant Lim') is the son of Defendant Sin, the nephew of Defendant Yam, the brother of Defendant Ngo, and resides in California." Defendants admit that "Defendant Lim owns or owned the Defendant Valero Mart Inc., d/b/a Valero Mart/ Arco Market Inc. business." Except as admitted, Defendants deny each and every allegation of paragraph 12.

13.      Defendants admit that "[o]n information and belief, Defendant Cindy Kanya Chan ('Defendant Chan') was born in Cambodia and resides in Long Beach, California." Except as admitted, Defendants deny each and every allegation of paragraph 13.

14.     Defendants admit that "Defendant Molica Ratha Keo ('Defendant Keo'), known to Socheat as 'Monica,' is the mother of Defendant Nivodeth Khiev, and resides in Long Beach, California." Except as admitted, Defendants deny each and every allegation of paragraph 14.

15.     Defendants admit that "Defendant Nivodeth Khiev ('Defendant Khiev'), known to Socheat as 'Julie,' is the daughter of Defendant Keo, and owns a residence in Long Beach, California." Except as admitted, Defendants deny each and every allegation of paragraph 15.

16.     Defendants admit that "Defendant Cruise Thru Dairy, d/b/a Cruise Thru Dairy, known to Socheat as Valero gas station ('Defendant Valero Gas Station'), is a Valero franchise gas station and market operated by Defendants Sin, Lim, Ngo, and Ngo Asset Management." Defendants admit that "Defendant Valero Gas Station is or was owned by Defendant Ngo and is located at 500 East Avenue K, Lancaster, California 93535." Except as admitted, Defendants deny each and every allegation of paragraph 16.

17.     Defendants admit that "Defendant Valero Mart Inc., d/b/a Valero Mart/ Arco Market Inc., known to Socheat as Arco gas station ('Defendant Arco Gas Station'), is an Arco franchise gas station and market operated by Defendants Sin, Lim, Ngo, and Ngo Asset Management." Defendants admit that "Defendant Arco Gas Station business is or was owned by Defendants Ngo and Lim, and the property is or was owned by Defendant Ngo." Defendants admit that "Defendant Arco Gas Station is located at the corner of Division St. and E Avenue J in Lancaster, California, with the addresses 44412 Division St., Lancaster, California 93535 and 101 E Avenue J, Lancaster, California 93535. On information and belief Arco Market Inc. is a business entity that conducts business within, at, or as a part of Defendant Arco Gas Station." Except as admitted, Defendants deny each and every allegation of paragraph 17.

18.    Defendants admit that "Defendant Tiffany Ngo, d/b/a Speedy Wash, known to Socheat as Speedy Wash ('Defendant Speedy Wash') is a laundromat that was or is owned by Defendant Ngo and is located at 500 East Avenue K, Lancaster, California 93535." Except as admitted, Defendants deny each and every allegation of paragraph 18.

19.    Defendants deny each and every allegation of paragraph 19.

20.    Defendants deny each and every allegation of paragraph 20.

## FACTUAL BACKGROUND

21.    Defendants admit, as alleged in paragraph 21, that Socheat is Cambodian. But except as so admitted, Defendants lack information sufficient to form a belief as to its truth and, on that basis, deny each and every remaining allegation of paragraph 21.

22.    Defendants admit that Family Member 1 married and moved to the United States.  Except as so admitted, Defendants deny each and every allegation of paragraph 22.

23.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 23 and, on that basis, deny each and every allegation paragraph 23.

24.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 24 and, on that basis, deny each and every allegation of paragraph 24.

25.    Defendants deny each and every allegation of the first and third sentences of paragraph 25.  Defendants deny the allegation in the fourth sentence of paragraph that there were any "Sin's orders."  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations and on that basis, deny each and every remaining allegations of paragraph 25.

26.    Defendants deny each and every allegation of paragraph 26.

27.     Defendants lack information sufficient to form a belief as to the truth of the allegations that "In February 2010, on information and belief, C.C. and S.T. arrived in Phnom Penh, and traveled to Banan. Shortly thereafter, Socheat became engaged to C.C., and her neighbor R.H. became engaged to S.T." and, on that basis, deny these allegations. Defendants deny that "Defendant Sin ordered that a double engagement ceremony take place for the four of them" as alleged in paragraph 27.

28.     Defendants deny the allegations in paragraph 28 that "After the engagement ceremony, Defendant Sin sent money for S.T., R.H., C.C., Socheat, and Socheat's mother to travel around Cambodia and take photos together." Defendants lack information sufficient to form a belief as to the remaining allegations of paragraph 28, and, on that basis, deny deny each and every allegation.

29.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 29 and, on that basis, deny each and every allegation of paragraph 29.

30.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 30 and, on that basis, deny each and every allegation of paragraph 30.

31.     Defendants lack information sufficient to form a belief as to the truth of Paragraph 31 and, on that basis, deny each and every allegation thereof.

32.     Defendants deny each and every allegation of paragraph 32.

33.     Defendants deny, as alleged in paragraph 33, that Sin cancelled the wedding, and, except as so denied, lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 and, on that basis, deny each and every remaining allegation of paragraph 33.

34.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 34 and, on that basis, deny each and every allegation of paragraph 34.

35.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 35 and, on that basis, deny each and every allegation of paragraph 35.

36.     Defendants deny each and every allegation of paragraph 36.

37.     Defendants admit that "On or about December 27, 2010, Socheat married Defendant Yam."

38.     Defendants deny each and every allegation of paragraph 38.

39.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 39 and, on that basis, deny each and every allegation of paragraph 39.

40.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 40 and, on that basis, deny each and every allegation of paragraph 40.

41.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 41 and, on that basis, deny each and every allegation of paragraph 41.

42.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 42 and, on that basis, deny each and every allegation of paragraph 42.

43.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 43 and, on that basis, deny each and every allegation of paragraph 43.

44.     Defendants deny, as alleged in paragraph 44, that "Defendant Sin picked Socheat up from the airport, and took Socheat to Defendant Ngo's residence in Palmdale, California." Except as so denied, Defendants lack information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny each and every remaining allegation of paragraph 44.

45.     Defendants deny each and every allegation of paragraph 45.

46.     Defendants deny each and every allegation of paragraph 46.

47.     Defendants deny each and every allegation of paragraph 47.

48.     Defendants deny each and every allegation of paragraph 48.

49.     Defendants deny each and every allegation of paragraph 49.

50.     Defendants admit, as alleged in paragraph 50, that the minimum wage in California in 2013 was $8.00 per hour. Except as so admitted, Defendants deny that Socheat was an employee and/or otherwise entitled to be compensates as an "employee" and/or otherwise for her alleged labor, and correspondingly deny each and every remaining allegation of paragraph 50.

51.     Defendants deny that Plaintiff is an employee and/or otherwise entitled to the rights of an employee and correspondingly deny each and every allegation of paragraph 51 to the extent it purports to be statements of fact and/or the application of the law to the alleged facts.

52.     Defendants deny Plaintiff was an employee and/or otherwise entitled to the rights of an employee and correspondingly deny each and every allegation of paragraph 52 as purported to be rights of Plaintiff.

53.     Defendants deny that Plaintiff was an employee and/or otherwise entitled to the rights of an employee and correspondingly deny each and every allegation of paragraph 53.

54.     Defendants deny Plaintiff was an employee and/or otherwise entitled to the rights of an employee and correspondingly deny each and every allegation of paragraph 54.

55.     Defendants deny each and every allegation of paragraph 55.

56.     Defendants deny each and every allegation of paragraph 56.

57.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 57 and, on that basis, deny each and every allegation of paragraph 57.

58.     Defendants deny each and every allegation of paragraph 58.

59.     Defendants deny each and every allegation of paragraph 59.

60.     Defendants deny each and every allegation of paragraph 60.

61.     Defendants deny each and every allegation of paragraph 61.

62.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 62 and, on that basis, deny each and every allegation of paragraph 62.

63.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 63 and, on that basis, deny each and every allegation of paragraph 63.

64.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 64 and, on that basis, deny each and every allegation of paragraph 64.

65.     Defendants deny each and every allegation of paragraph 65.

66.     Defendants admit that Socheat left in or around October of 2013. Except as so admitted, Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 66 and, on that basis, deny each and every remaining allegation of paragraph 66.

67.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 67 and, on that basis, deny each and every allegation of paragraph 67.

68.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 68 and, on that basis, deny each and every allegation of paragraph 68.

69.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 69 and, on that basis, deny each and every allegation of paragraph 69.

70.     Defendants deny each and every allegation of the second sentence of paragraph 70. Defendants lack information sufficient to form a belief as to the truth

of the remaining allegations of paragraph 70 and, on that basis, deny each and every remaining allegation of paragraph 70.

71.    Defendants admit that Socheat voluntarily returned to the Arco Gas Station in or about April of 2014. Except as so admitted, Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 71 and, on that basis, deny each and every remaining allegation of paragraph 71.

72.    Defendants deny each and every allegation of paragraph 72.

73.    Defendants admit, as alleged in paragraph 73, that Socheat signed, before a notary, a contract which states in substance that Socheat owes Tiffany Ngo $40,000, and, except as so admitted, denies each and every allegation of paragraph 73.

74.    Defendants admit, as alleged in paragraph 74, that "Starting on July 1, 2014, the minimum wage in California increased from $8.00 to $9.00 per hour." Except as so admitted, Defendants deny each and every allegation of paragraph 74.

75.    Defendants deny Plaintiff was an employee and/or otherwise entitled to the rights of an employee, and correspondingly deny she was entitled to meal and rest periods and/or any wage statement(s) and/or any rights as an "employee" as alleged in paragraph 75.

76.    Defendants deny each and every allegation of paragraph 76.

77.    Defendants deny each and every allegation of paragraph 77.

78.    Defendants deny that they "continued to abuse Socheat and force her to work without pay in inhumane conditions," deny that "Sin, Ngo, and Lim forced Socheat to go to the gas station, even though Socheat had begun to feel sick" and deny that "Defendants kept her at work." Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 78 and, on that basis, deny each and every remaining allegation of paragraph 78.

79.    Defendants deny each and every allegation of paragraph 79.

80.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 80 and, on that basis, deny each and every allegation of paragraph 80.

81.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 81 and, on that basis, deny each and every allegation of paragraph 81.

82.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 82 and, on that basis, deny each and every allegation of paragraph 82.

83.     Defendants admit that law enforcement raided their properties on or about September 28, 2015, and at that time took Plaintiff and, except as so admitted, lack information sufficient to form a belief in the truth of the allegations and, on that basis, deny each and every remaining allegation of paragraph 83.

84.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 84 and, on that basis, deny each and every allegation of paragraph 84.

85.     Defendants admit that certain properties were transferred but except as so admitted, deny each and every remaining allegation of paragraph 85 and deny that said transfers were in defraud of creditors as implied by the allegations of paragraph 85.

86.     Defendants admit that "Defendant Ngo is the sole owner and officer of Defendant Ngo Asset Management. On September 10, 2015, Defendant Ngo Asset Management transferred its rights, title, and interest in the real property commonly known as 44412 Division St., Lancaster, California—the location of Defendant Arco Gas Station—to The Tiffany Ngo Living Trust UTD by quitclaim deed, without documentary transfer tax." Except as so admitted, Defendants deny each and every allegation of paragraph 86.

87. Defendants admit that "On September 10, 2015, Defendant Ngo Asset Management transferred its rights, title, and interest in the real property commonly known as 101-137 East Avenue J, Lancaster, California – the location of the shopping center – to The Tiffany Ngo Living Trust UTD by quitclaim deed, Document No. 20151149343, without documentary transfer tax." Except as so admitted, Defendants deny each and every allegation of paragraph 87.

88. Defendants deny that Plaintiff was held captive and/or otherwise performed cleaning and landscaping duties and, except as so denied, admit the remaining allegations of paragraph 88.

89. Defendants admit that "On September 10, 2015, Defendant Ngo as a "single woman" transferred all her rights, title, and interest in her solely-owned real property commonly known as 500 East Avenue K, Lancaster, California 93535, where Defendants Valero Gas Station and Speedy Wash are located, to The Tiffany Ngo Living Trust UTD by quitclaim deed, Document No. 20151149342, without documentary transfer tax." Except as so admitted, Defendants deny each and every allegation of paragraph 89.

90. Defendants admit the allegations of paragraph 90.

91. Defendants admit the allegations of paragraph 91.

92. Defendants deny that Plaintiff was "rescued" and, except as so denied, admit the remaining allegations of paragraph 92.

93. Defendants deny that any payment of reasonable equivalent value is required by law in connection with the alleged transfers and, except as so denied, admit the remaining allegations of paragraph 93.

94. Defendants admit the allegations of paragraph 94.

95. Defendants deny each and every allegation of paragraph 95.

/ / /

/ / /

/ / /

## FIRST CLAIM FOR RELIEF

### The TVPA

### For Sale into Involuntary Servitude Under 18 U.S.C. §§ 1584, 1595(a)

### (Against All Defendants)

96.    In response to paragraph 96, which incorporates paragraphs 1 to 95, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 95.

97.    Defendants deny that they have engaged in any conduct which could be construed as involuntary servitude and, correspondingly, deny paragraph 97, which purports to be a statement of law that allegedly applies to Defendants and/or Plaintiff.

98.    Defendants deny that they have engaged in any conduct which could be construed as involuntary servitude and, correspondingly, deny paragraph 98, which purports to be a statement of law that allegedly applies to Defendants and/or Plaintiff.

99.    Defendants deny each and every allegation of paragraph 99.

100.    Defendants deny each and every allegation of paragraph 100.

101.    Defendants deny each and every allegation of paragraph 101 that they are liable to Plaintiff for the alleged damages and/or attorney's fees and/or in any sum whatsoever and/or any relief whatsoever.

102.    Defendants, and each of them, deny that they are liable to Plaintiff for the alleged damages of paragraph 102 and/or that Socheat is entitled to any damages whatsoever and/or any punitive damages whatsoever and/or any relief whatsoever.

### SECOND CLAIM FOR RELIEF

### The TVPA

### For Forced Labor Under 18 U.S.C. §§ 1589, 1595(a)

### (Against All Defendants)

ANSWER TO SECOND AMENDED COMPLAINT

103.   In response to paragraph 103, which incorporates paragraphs 1 to 102, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 102.

104.   Defendants deny that they have engaged in any activity that may be construed as forced labor and, correspondingly, deny paragraph 104, which purports to be a statement of law that allegedly applies to Defendants and/or Plaintiff.

105.   Defendants deny that they have engaged in any activity that may be construed as forced labor and correspondingly deny paragraph 105, which purports to be a statement of law that allegedly applies to Defendants and/or Plaintiff.

106.   Defendants deny each and every allegation of paragraph 106.

107.   Defendants deny each and every allegation of paragraph 107.

108.   Defendants deny, as alleged in paragraph 108, that Plaintiff has suffered harm in any form whatsoever and/or that Defendants are liable to Plaintiff for damages and/or attorney's fees and/or any relief whatsoever.

109.   Defendants deny, as alleged in paragraph 109, that Defendants are liable to Plaintiff for damages in any form whatsoever and/or any relief whatsoever.

## THIRD CLAIM FOR RELIEF

### The TVPA

**For Trafficking With Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor 18 U.S.C. §§ 1590, 1595(a)**

**(Against All Defendants)**

110.   In response to paragraph 110, which incorporates paragraphs 1 to 109, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 109.

111.   Defendants deny that they have engaged in any activity that could be construed as trafficking and, correspondingly, deny paragraph 111, which purports to be a statement of law that allegedly applies to Defendants and/or Plaintiff.

112.   Defendants deny that they have engaged in any activity that could be construed as trafficking and, correspondingly, deny paragraph 112, which purports to be a statement of law that allegedly applies to Defendants and/or Plaintiff.

113.   Defendants deny each and every allegation of paragraph 113.

114.   Defendants deny, as alleged in paragraph 114, that Defendants are liable to Plaintiff and/or that Plaintiff sustained any harm whatsoever and/or that Plaintiff is otherwise entitled to any damages whatsoever and/or any attorney's fees whatsoever and/or any other relief whatsoever.

115.   Defendants deny, as alleged in paragraph 115, that Defendants are liable to Plaintiff and/or that Plaintiff has sustained any damages whatsoever and/or is otherwise entitled to any punitive damages whatsoever and/or is otherwise entitled to any relief whatsoever.

## FOURTH CLAIM FOR RELIEF

### The TVPA

**For Unlawful Conduct With Respect to Documents in Violation of 18 U.S.C. §§ 1592, 1595(a)**

**(Against All Defendants)**

116.   In response to paragraph 116, which incorporates paragraphs 1 to 115, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 115.

117.   Defendants deny that they have engaged in any conduct which could be construed as unlawful conduct with respect to Plaintiff's passport and, correspondingly, deny paragraph 117, which purports to be a statement of law that allegedly applies to Defendants and/or the Plaintiff herein.

118.   Defendants deny that they have engaged in any conduct which could be construed as unlawful conduct with respect to Plaintiff's passport and, correspondingly, deny paragraph 118, which purports to be a statement of law that allegedly applies to Defendants and/or the Plaintiff herein.

1    119.   Defendants admit that Plaintiff's passport was on site at the time of the
2    raid and, except as so admitted, deny each and every allegation of paragraph 119.

3    120.   Defendants deny each and every allegation of paragraph 120.

4    121.   Defendants deny that Plaintiff has sustained any harm whatsoever
5    and/or is otherwise entitled to any damages whatsoever and/or attorney's fees and/or
6    any relief whatsoever.

7    122.   In response to paragraph 122, Defendants deny that Defendants are
8    liable to Plaintiff for compensatory and/or punitive damages and/or any damages
9    whatsoever and/or any relief whatsoever.

10                   **FIFTH CLAIM FO RELIEF**

11                        **The TVPA**

12   **For Benefitting Financially from Trafficking in Persons Under 18 U.S.C. §§**

13                      **1593A, 1595(a)**

14                   **(Against All Defendants)**

15   123.   In response to paragraph 123, which incorporates paragraphs 1 to 122,
16   the Defendants incorporate by reference as though set forth in full their response to
17   paragraphs 1 to 122.

18   124.   Defendants deny that they have engaged in any activity which could be
19   construed as trafficking and/or that Defendants have otherwise financially benefited
20   from any alleged trafficking and, correspondingly, deny paragraph 124, which
21   purports to be a statement of law that allegedly applies to Defendants and/or the
22   Plaintiff herein.

23   125.   Defendants deny that they have engaged in any activity which could be
24   construed as trafficking and/or that Defendants have otherwise financially benefited
25   from any alleged trafficking and, correspondingly, deny paragraph 125, which
26   purports to be a statement of law that allegedly applies to Defendants and/or the
27   Plaintiff herein.

28   126.   Defendants deny each and every allegation of paragraph 126

127.   Defendants deny each and every allegation of paragraph 127.

128.   Defendants deny that Plaintiff suffered any harm whatsoever and/or is otherwise entitled to any damages whatsoever and/or any attorney's fees and/or any relief whatsoever.

129.   Defendants deny that Plaintiff is entitled to any restitution and/or any damages whatsoever and/or any punitive damages whatsoever and/or any relief whatsoever.

## SIXTH CLAIM FOR RELIEF

**The TVPA**

**For Conspiracy to Violate the Chapter in Violation of 18 U.S.C. §§ 1594, 1595(a)**

**(Against All Defendants)**

130.   In response to paragraph 130, which incorporates paragraphs 1 to 129, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 129.

131.   Defendants deny that they have engaged in any activity which may be construed as a conspiracy to violate the Trafficking Victims Protection Act ("TVPA") and, correspondingly, deny paragraph 131, which purports to be a statement of law that allegedly applies to Defendants and/or Plaintiff herein.

132.   Defendants deny that they have engaged in any activity which may be construed as a conspiracy to violate the TVPA and, correspondingly, deny paragraph 132, which purports to be a statement of law that allegedly applies to Defendants and/or Plaintiff herein.

133.   Defendants deny each and every allegation of paragraph 133.

134.   Defendants deny each and every allegation of paragraph 134.

135.   Defendants deny, as alleged in paragraph 135, that Defendants are liable to Plaintiff and/or that Plaintiff sustained any harm whatsoever and/or that

1   Plaintiff is otherwise entitled to any damages whatsoever and/or any attorney's fees

2   whatsoever and/or any other relief whatsoever.

3       136.   Defendants deny, as alleged in paragraph 136, that Defendants are

4   liable to Plaintiff and/or that Plaintiff has sustained any damages whatsoever and/or

5   is otherwise entitled to any punitive damages whatsoever and/or is otherwise

6   entitled to any relief whatsoever.

7                      **SEVENTH CLAIM FOR RELIEF**

8              **For Human Trafficking Under California Civil Code § 52.5**

9                         **(Against All Defendants)**

10      137.   In response to paragraph 137, which incorporates paragraphs 1 to 136,

11  the Defendants incorporate by reference as though set forth in full their response to

12  paragraphs 1 to 136.

13      138.   Defendants deny that they have engaged in any activity which could be

14  construed as human trafficking and, correspondingly, deny paragraph 138, which

15  purports to be a statement of law that allegedly applies to Defendants and/or the

16  Plaintiff herein.

17      139.   Defendants deny that they have engaged in any activity which could be

18  construed as human trafficking and, correspondingly, deny paragraph 139, which

19  purports to be a statement of law that allegedly applies to Defendants and/or the

20  Plaintiff herein.

21      140.   Defendants deny each and every allegation of paragraph 140.

22      141.   Defendants deny each and every allegation of paragraph 141.

23      142.   Defendants deny, as alleged in paragraph 142, that Defendants are

24  liable to Plaintiff and/or that Plaintiff sustained any harm whatsoever and/or that

25  Plaintiff is otherwise entitled to any damages whatsoever and/or any attorney's fees

26  whatsoever and/or any other relief.

27      143.   Defendants deny, as alleged in paragraph 143, that Defendants are

28  liable to Plaintiff and/or that Plaintiff has sustained any damages whatsoever and/or

1   is otherwise entitled to any punitive damages whatsoever and/or is otherwise

2   entitled to any relief whatsoever.

3   **EIGHTH CLAIM FOR RELIEF**

4   **For Failure to Pay Minimum Wage Under California Labor Code §§ 1194,**

5   **1194.2, and 1197 and IWC Wage Order Nos. 6, 7, and 15**

6   **(Against All Defendants Except Defendant Chan)**

7   144.   In response to paragraph 144, which incorporates paragraphs 1 to 143,

8   the Defendants incorporate by reference as though set forth in full their response to

9   paragraphs 1 to 143.

10   145.   Defendants deny that Plaintiff was an employee and/or otherwise had

11   the rights of an employee and, correspondingly, deny paragraph 145, which purports

12   to be a statement of law that allegedly applies to Plaintiff and/or Defendants.

13   146.   Defendants deny that Plaintiff was an employee and/or otherwise had

14   the rights of an employee and, correspondingly, deny paragraph 146, which purports

15   to be a statement of law that allegedly applies to Plaintiff and/or Defendants.

16   147.   Defendants deny each and every allegation of paragraph 147.

17   148.   In response to paragraph 148, Defendants deny that Plaintiff was an

18   employee and/or entitled to the protections afforded employees under the law, and

19   correspondingly deny each and every allegation of paragraph 148.

20   149.   Defendants deny that Plaintiff has sustained any damages whatsoever

21   and/or that Plaintiff is entitled to any attorney's fees and/or to any penalties and/or

22   any relief whatsoever.

23   **NINTH CLAIM FOR RELIEF**

24   **For Failure to Pay Overtime Wages Under California Labor Code §§ 510(a),**

25   **1194, 1198 and IWC Wage Order Nos. 6, 7, and 15**

26   **(Against All Defendants Except Defendant Chan)**

27

28

150.   In response to paragraph 150, which incorporates paragraphs 1 to 149, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 149.

151.   Defendants deny that Plaintiff was an employee and/or otherwise had the rights of an employee and, correspondingly, deny paragraph 151, which purports to be a statement of law that allegedly applies to Plaintiff and/or Defendants.

152.   Defendants deny that Plaintiff was an employee and/or otherwise had the rights of an employee and, correspondingly, deny paragraph 152, which purports to be a statement of law that allegedly applies to Plaintiff and/or Defendants.

153.   Defendants deny that Plaintiff was an employee and/or otherwise had the rights of an employee and, correspondingly, deny paragraph 153, which purports to be a statement of law that allegedly applies to Plaintiff and/or Defendants.

154.   Defendants deny that Plaintiff was an employee and/or that Plaintiff was entitled to the protections afforded by law for employees, and correspondingly deny each and every allegation of paragraph 154.

155.   Defendants deny that Plaintiff was an employee and/or that Plaintiff was entitled to the protections afforded by law for employees, and correspondingly deny each and every allegation of paragraph 155.

156.   Defendants deny that Plaintiff has sustained any damages whatsoever and/or that Plaintiff is entitled to any attorney's fees and/or to any penalties and/or any relief whatsoever.

## **TENTH CLAIM FOR RELIEF**

**For Failure to Pay Minimum Wage Under the FLSA, 29 U.S.C. § 206(a)(1) and § 206(f)**

**(Against All Defendants Except Defendant Chan)**

157.   In response to paragraph 157, which incorporates paragraphs 1 to 156, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 156.

158.   Defendants deny that Plaintiff was an employee and/or otherwise entitled to the protections afforded by law to employees and, correspondingly, deny paragraph 158, which purports to be a statement of law that allegedly applies to Defendants and/or Plaintiff.

159.   Defendants deny that Plaintiff was an employee and/or otherwise entitled to the protections afforded by law to employees and, correspondingly, deny paragraph 159, which purports to be a statement of law that allegedly applies to Defendants and/or Plaintiff.

160.   Defendants deny that Plaintiff was an employee as defined by any law and, correspondingly, deny each and every allegation of paragraph 160.

161.   Defendants deny that Plaintiff was an employee as defined by any law and, correspondingly, deny each and every allegation of paragraph 161.

162.   Defendants deny that Plaintiff was an employee and/or otherwise entitled to the protections afforded employees by law and correspondingly deny each and every allegation of paragraph 162.

163.   Defendants deny each and every allegation of paragraph 163 and that Plaintiff has sustained damages and/or is entitled to lost wages and/or liquidated damages and/or any damages whatsoever and/or attorney's fees and/or any relief whatsoever.

## ELEVENTH CLAIM FOR RELIEF

### For Failure to Pay Overtime Under the FLSA, 29 U.S.C. § 207(a)

### (Against All Defendants Except Defendant Chan)

164.   In response to paragraph 164, which incorporates paragraphs 1 to 163, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 163.

165.   Defendants deny that Plaintiff was an employee and/or otherwise had the rights of an employee and, correspondingly, deny paragraph 165, which purports to be a statement of law that allegedly applies to Plaintiff and/or Defendants.

166.   Defendants deny that Plaintiff was an employee and/or otherwise had the rights of an employee and, correspondingly, deny paragraph 166, which purports to be a statement of law that allegedly applies to Plaintiff and/or Defendants.

167.   Defendants deny that Plaintiff was an employee and/or that she is otherwise protected by the law governing employees and correspondingly deny each and every allegation of paragraph 167.

168.   Defendants deny that Plaintiff was an employee and/or that she is otherwise protected by the law governing employees and correspondingly deny each and every allegation of paragraph 168.

169.   Defendants deny that Plaintiff has sustained any damage whatsoever and/or is otherwise entitled to liquidated damages and/or attorney's fees and/or any relief whatsoever.

## TWELFTH CLAIM FOR RELIEF

**For Failure to Provide Meal and Rest Periods Under California Labor Code §**
**226.7 and IWC Wage Order Nos. 6, 7, and 15**

**(Against All Defendants Except Defendant Chan)**

170.   In response to paragraph 170, which incorporates paragraphs 1 to 169, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 169.

171.   Defendants deny that Plaintiff was an employee and/or otherwise had the rights of an employee and, correspondingly, deny paragraph 171, which purports to be a statement of law that allegedly applies to Plaintiff and/or Defendants.

172.   Defendants deny that Plaintiff was an employee and/or otherwise had the rights of an employee and, correspondingly, deny paragraph 172, which purports to be a statement of law that allegedly applies to Plaintiff and/or Defendants.

173.   Defendants deny that Plaintiff was an employee and/or otherwise entitled to the protections afforded by law for employees and correspondingly deny

ANSWER TO SECOND AMENDED COMPLAINT

each and every allegation of paragraph 173 and deny that Plaintiff is entitled to any damages whatsoever and/or any relief whatsoever.

## THIRTEENTH CLAIM FOR RELIEF

**For Failure to Provide Accurate, Itemized Wage Stubs Under California Labor Code § 226, and IWC Wage Order Nos. 6, 7, and 15**

**(Against All Defendants Except Defendant Chan)**

174.   In response to paragraph 174, which incorporates paragraphs 1 to 173, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 173.

175.   Defendants deny that Plaintiff was an employee and/or otherwise had the rights of an employee and, correspondingly, deny paragraph 175, which purports to be a statement of law that allegedly applies to Plaintiff and/or Defendants.

176.   Defendants deny that Plaintiff was an employee and/or otherwise had the rights of an employee and, correspondingly, deny paragraph 176, which purports to be a statement of law that allegedly applies to Plaintiff and/or Defendants.

177.   Defendants deny each and every allegation of paragraph 177 and deny that Plaintiff is entitled to any damages whatsoever and/or attorney's fees and/or penalties and/or any relief whatsoever.

## FOURTEENTH CLAIM FOR RELIEF

**For Willful Failure to Pay Wages to Discharged or Quitting Employee Under California Labor Code § 203**

**(Against All Defendants Except Defendant Chan)**

178.    In response to paragraph 178, which incorporates paragraphs 1 to 177, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 177.

179.   Defendants deny that Plaintiff was an employee and/or otherwise had the rights of an employee and, correspondingly, deny paragraph 179, which purports to be a statement of law that allegedly applies to Plaintiff and/or Defendants.

180. Defendants deny that Plaintiff was an employee and/or that she is otherwise protected by the law governing employees and correspondingly deny each and every allegation of paragraph 180.

181. Defendants deny that Plaintiff was an employee and/or that she is otherwise protected by the law governing employees and correspondingly deny each and every allegation of paragraph 181 and/or that Plaintiff is entitled to any penalties and/or any relief whatsoever.

## FIFTEENTH CLAIM FOR RELIEF

### For Unfair Competition Under California Business & Professions Code § 17203

### (Against All Defendants Except Defendant Chan)

182. In response to paragraph 182, which incorporates paragraphs 1 to 181, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 181.

183. Defendants deny that they have engaged in any unfair competition and/or unfair business practices and, correspondingly, deny paragraph 183, which purports to be a statement of law that allegedly applies to Plaintiff and/or Defendants.

184. Defendants deny each and every allegation of paragraph 184.

185. Defendants deny each and every allegation of paragraph 185.

186. In response to paragraph 186, Defendants deny that Plaintiff is entitled to restitution and/or injunctive relief and/or any relief whatsoever.

## SIXTEENTH CLAIM FOR RELIEF

### For Intentional Infliction of Emotional Distress

### (Against All Defendants Except Defendant Chan)

187. In response to paragraph 187, which incorporates paragraphs 1 to 186, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 186.

188. Defendants deny each and every allegation of paragraph 188.

1    189.   Defendants deny each and every allegation of paragraph 189 and deny

2  that Plaintiff has suffered any harm whatsoever and/or that she is entitled to any

3  damages whatsoever and/or any relief whatsoever.

4    190.   Defendants deny each and every allegation of paragraph 190 and/or

5  that Plaintiff is entitled to punitive damages and/or any relief whatsoever.

6                    **SEVENTEENTH CLAIM FOR RELIEF**

7                        **For False Imprisonment**

8              **(Against All Defendants Except Defendant Chan)**

9    191.   In response to paragraph 191, which incorporates paragraphs 1 to 190,

10  the Defendants incorporate by reference as though set forth in full their response to

11  paragraphs 1 to 190.

12    192.   Defendants deny each and every allegation of paragraph 192.

13    193.   Defendants deny each and every allegation of paragraph 193.

14    194.   Defendants deny each and every allegation of paragraph 194 and deny

15  that Plaintiff has suffered any harm whatsoever.

16    195.   Defendants deny each and every allegation of paragraph 195 and deny

17  that Plaintiff has suffered any harm and/or damage whatsoever.

18    196.   Defendants deny each and every allegation of paragraph 196 and deny

19  that Plaintiff is entitled to any damages whatsoever, and/or any punitive damages

20  whatsoever, and/or any relief whatsoever.

21                    **EIGHTEENTH CLAIM FOR RELIEF**

22                              **Battery**

23                    **(Against Defendants Sin and Ngo)**

24    197.   In response to paragraph 197, which incorporates paragraphs 1 to 196,

25  the Defendants incorporate by reference as though set forth in full their response to

26  paragraphs 1 to 196.

27    198.   Defendants deny each and every allegation of paragraph 198.

28    199.   Defendants deny each and every allegation of paragraph 199.

200.   Defendants deny each and every allegation of paragraph 200 and deny that Plaintiff has suffered any damages and/or harm and/or injury whatsoever.

201.   Defendants deny each and every allegation of paragraph 201 and deny that Plaintiff is entitled to damages and/or punitive damages and/or any relief whatsoever.

## NINETEENTH CLAIM FOR RELIEF

### For Assault

### (Against Defendants Sin and Ngo)

202.   In response to paragraph 202, which incorporates paragraphs 1 to 201, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 201.

203.   Defendants deny each and every allegation of paragraph 203 and deny that Plaintiff has suffered any harm and/or damages and/or injury whatsoever.

204.   Defendants deny each and every allegation of paragraph 204 and deny that Plaintiff is entitled to any punitive damages and/or any relief whatsoever.

## TWENTIETH CLAIM FOR RELIEF

### Negligence

### (Against All Defendants)

205.   In response to paragraph 205, which incorporates paragraphs 1 to 204, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 204.

206.   Defendants deny each and every allegation of paragraph 206.

207.   Defendants deny that Plaintiff was an employee and/or otherwise entitled to protections under the Labor Code as a result of any of Defendants' actions and, correspondingly, deny paragraph 207, which purports to be a statement of law that allegedly applies to Plaintiff and/or Defendants.

208.   Defendants deny each and every allegation of paragraph 208.

209.   Defendants deny each and every allegation of paragraph 209.

210.   Defendants deny that Plaintiff has sustained any harm whatsoever as a result of any actions of Defendants and deny that Plaintiff is entitled to any damages whatsoever and/or any relief whatsoever.

## TWENTY-FIRST CLAIM FOR RELIEF

### Negligence Per Se

### (Against All Defendants)

211.   In response to paragraph 211, which incorporates paragraphs 1 to 210, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 210.

212.   Defendants deny each and every allegation of paragraph 212.

213.   Defendants deny each and every allegation of paragraph 213.

214.   Defendants deny each and every allegation of paragraph 214 and deny that Defendants, and each of them, caused Plaintiff any harm whatsoever and/or deny that Plaintiff is entitled to any damages whatsoever and/or any other relief. Defendants further deny that Plaintiff is entitled to any punitive damages whatsoever and/or any relief whatsoever.

## TWENTY-SECOND CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

### (Against All Defendants)

The Defendants' Motion to Dismiss Plaintiff's Twenty-Second Claim for Relief for Negligent Infliction of Emotional Distress, was sustained by the Court with leave to amend, and Plaintiff chose not to amend. However, in an abundance of caution, Defendants respond as to the Twenty-Second Claim for Relief as follows:

215.   In response to paragraph 215, which incorporates paragraphs 1 to 214, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 214.

216.   Defendants deny each and every allegation of paragraph 216.

217.   Defendants deny each and every allegation of Paragraph 217 and deny that Defendants caused Plaintiff any harm/damage as alleged or otherwise.

218.   Defendants deny each and every allegation of paragraph 218 and deny that Defendants caused Plaintiff any harm whatsoever and/or that Plaintiff is entitled to any damages and/or any relief whatsoever.

## TWENTY-THIRD CLAIM FOR RELIEF

### Trespass to Chattel

### (Against Defendants Sin and Ngo)

219.   In response to paragraph 219, which incorporates paragraphs 1 to 218, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 218.

220.   Defendants deny each and every allegation of paragraph 220.

221.   Defendants deny each and every allegation of paragraph 221 and deny that Defendants caused Plaintiff any harm whatsoever and/or that Plaintiff is entitled to any damages whatsoever and/or any other relief whatsoever.

## TWENTY-FOURTH CLAIM FOR RELIEF

### Quantum Meruit

### (Against All Defendants Except Defendant Chan)

222.   In response to paragraph 222, which incorporates paragraphs 1 to 221, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 221.

223.   Defendants deny each and every allegation of paragraph 223.

224.   Defendants deny that Plaintiff is entitled to any damages whatsoever and/or interest and/or attorney's fees and/or costs and/or any relief whatsoever.

/ / /

/ / /

/ / /

/ / /

## __TWENTY-FIFTH CLAIM FOR RELIEF__

### Conspiracy

### (Against All Defendants)

225.   In response to paragraph 225, which incorporates paragraphs 1 to 224, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 224.

226.   Defendants deny each and every allegation of paragraph 226.

227.   Defendants deny each and every allegation of paragraphs 226 and 227.

228.   Defendants deny each and every allegation of paragraphs 226 and 228.

229.   Defendants deny each and every allegation of paragraphs 226 and 229.

230.   Defendants deny each and every allegation of paragraphs 226 and 230.

231.   Defendants deny each and every allegation of paragraphs 226 and 231.

232.   Defendants deny each and every allegation of paragraphs 226 and 232.

233.   Defendants deny each and every allegation of paragraphs 226 and 233.

234.   Defendants deny each and every allegation of paragraphs 226 and 234.

235.   Defendants deny each and every allegation of paragraphs 226 and 235.

236.   Defendants deny each and every allegation of paragraphs 226 and 236.

237.   Defendants deny each and every allegation of paragraphs 226 and 237.

238.   Defendants deny each and every allegation of paragraphs 226 and 238.

239.   Defendants deny each and every allegation of paragraph 239 and deny that Defendants caused Plaintiff any harm whatsoever and deny that Plaintiff is entitled to any damages whatsoever and/or any relief whatsoever.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ANSWER TO SECOND AMENDED COMPLAINT

## TWENTY-SIXTH CLAIM FOR RELIEF

### Constructive Voidable Transaction

### Cal. Civil Code § 3439.04(a)(2) and § 3439.05

### (Against Defendants Ngo, Lim, Ngo Asset Management, and Ngo Trustee)

240. In response to paragraph 240, which incorporates paragraphs 1 to 239, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 239.

241. Defendants deny each and every allegation of paragraph 241.

242. Defendants deny that any of their actions whatsoever constituted a fraudulent transfer(s) and/or transfer(s) in defraud of creditor(s) and, correspondingly, deny paragraph 242, which purports to be a statement of law that allegedly applies to Plaintiff and/or the Defendants.

243. Defendants admit they have creditors, but except as so admitted, deny that the Plaintiff was and/or is a creditor of Defendants as alleged in paragraph 243 and/or in any manner whatsoever.

244. Defendants deny that Plaintiff was an employee of Defendant(s) and deny that Defendants violated any labor laws as alleged in paragraph 244 and/or otherwise. Defendants further deny that Defendants engaged in any trafficking scheme as alleged in paragraph 244 and/or that Defendants otherwise benefitted from any trafficking scheme. Defendants further deny, as alleged in paragraph 244, that Defendants forced labor of Plaintiff and/or that Defendants otherwise owe any debt to Plaintiff, and correspondingly deny each and every allegation of paragraph 244.

245. Defendants admit that they have creditors. Defendants further admit that certain transfers of property were made, which were at all times legal and not in defraud of creditor(s). Except as so admitted, Defendants deny each and every allegation of paragraph 245, including that Plaintiff was and/or is a creditor of Defendants and/or that the transfer(s) were made in defraud of creditors.

1    246.   Defendants deny each and every allegation of paragraph 246.

2    247.   Defendants deny each and every allegation of paragraph 247.

3    248.   Defendants deny each and every allegation of paragraph 248.

4    249.   Defendants deny each and every allegation of paragraph 249 and

5    Defendants deny that Plaintiff has incurred any damage whatsoever as a result of

6    any actions on the part of Defendants and each of them.

7                   **TWENTY-SEVENTH CLAIM FOR RELIEF**

8                   **Intentional Voidable Transaction**

9                 **California Civil Code §§ 3439.04(a)(1), (b)**

10   **(Against Defendants Ngo, Lim, Ngo Asset Management, and Ngo Trustee)**

11   250.   In response to paragraph 250, which incorporates paragraphs 1 to 249,

12   the Defendants incorporate by reference as though set forth in full their response to

13   paragraphs 1 to 249.

14   251.   Defendants admit the allegations of paragraph 251.

15   252.   Defendants deny that at any time they have engaged in any conduct

16   which could be construed as a voidable transfer and, correspondingly, deny

17   paragraph 252, which purports to be a statement of law that allegedly applies to

18   Defendant(s) and/or Plaintiff.

19   253.   Defendants admit, as alleged in paragraph 253, that certain transfers of

20   their property were made, but deny that any said transfer(s) were transfer(s) in

21   defraud of creditors and/or voidable transfers and/or otherwise illegal.

22   254.   Defendants admit, as alleged in paragraph 254, that Plaintiff left on or

23   about September 28, 2015, and that law enforcement raided certain of Defendants'

24   properties. Defendants also admit that the alleged transfer was made.  Except as so

25   admitted, Defendants deny each and every remaining allegation of paragraph 254.

26   255.   Defendants deny each and every allegation of paragraph 255.

27   256.   Defendants admit the allegations of paragraph 256.

28

257.   Defendants deny, as alleged in paragraph 257, that the alleged transfers were fraudulent transfers and/or illegal in any manner whatsoever.

258.   Defendants deny, as alleged in paragraph 258, that Plaintiff is a creditor of Defendants and deny each and every allegation of paragraph 258.

259.   Defendants deny each and every allegation of paragraph 259 and Defendants deny that Plaintiff has incurred any damage whatsoever as a result of any actions on the part of Defendants and each of them.

## TWENTY-EIGHTH CLAIM FOR RELIEF

### Breach of Contract

### (Against Defendants Sin, Yam, Ngo, Lim, and Ngo Asset Management, Valero Gas Station, Arco Gas Station, and Speedy Wash)

260.   In response to paragraph 260, which incorporates paragraphs 1 to 259, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 259.

261.   Defendants admit the allegations of paragraph 261.

262.   Defendants deny each and every allegation of paragraph 262.

263.   Defendants lack information and belief sufficient to know the truth of paragraph 263 and, on that basis, deny each and every allegation of paragraph 263.

264.   Defendants admit Plaintiff arrived in the United States on or about June 11, 2013, but except as so admitted, Defendants deny each and every allegation of paragraph 264.

265.   Defendants deny each and every allegation of paragraph 265.

266.   Defendants deny each and every allegation of paragraph 266.

267.   Defendants deny, as alleged in paragraph 267, that there was any employment contract whatsoever with Plaintiff and correspondingly deny each and every allegation of paragraph 267.

268.   Defendants deny, as alleged in paragraph 268, that Plaintiff was an employee of Defendants and/or that Plaintiff had an employment contract with Defendant(s) and correspondingly deny each and every allegation of paragraph 268.

269.   Defendants admit that Defendants gave Plaintiff money but except as so admitted, deny Plaintiff was an employee of Defendants and correspondingly deny each and every allegation of paragraph 269.

270.   Defendants deny, as alleged in paragraph 270, that there was any contract between Plaintiff and Defendant(s) and correspondingly deny each and every allegation of paragraph 270.

271.   Defendants deny, as alleged in paragraph 271, that there was any contract between Plaintiff and Defendant(s) and/or that Defendants engaged in any fraud whatsoever, and correspondingly deny each and every allegation of paragraph 271 and deny that Plaintiff is entitled to any relief whatsoever.

## TWENTY-NINTH CLAIM FOR RELIEF

**For Violations of the Federal Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. §§ 1964, 1962 (Against Defendants Sin, Ngo, Ngo Asset Management, Ngo Trustee, Lim, Arco Gas Station, Valero Gas Station, and Speedy Wash)**

272.   In response to paragraph 272, which incorporates paragraphs 1 to 271, the Defendants incorporate by reference as though set forth in full their response to paragraphs 1 to 271.

273.   Defendants deny that Defendants have engaged in any activity which may be construed as a violation of RICO, and correspondingly deny paragraph 273, which purports to be a statement of law that allegedly applies to Defendants and/or Plaintiff herein.

274.   Defendants deny that Defendants have engaged in any activity which may be construed as a violation of RICO, and correspondingly deny paragraph 274,

1  which purports to be a statement of law that allegedly applies to Defendants and/or

2  Plaintiff herein.

3        275.   Defendants deny each and every allegation of paragraph 275.

4        276.   Defendants, and each of them, deny they are "RICO Defendants"

5  and/or that they were part of a "RICO enterprise" as alleged, and deny each and

6  every allegation of paragraph 276.

7        277.   Defendants, and each of them, deny they are "RICO Defendants"

8  and/or that they were part of a "RICO enterprise" as alleged, and deny each and

9  every allegation of paragraph 277.

10       278.   Defendants, and each of them, deny they are "RICO Defendants"

11 and/or that they were part of a "RICO enterprise" as alleged, and deny each and

12 every allegation of paragraph 278.

13       279.   Defendants admit the allegations of paragraph 279.

14       280.   Defendants, and each of them, deny they are "RICO Defendants"

15 and/or that they were part of a "RICO enterprise" as alleged, and deny each and

16 every allegation of paragraph 280.

17       281.   Defendants, and each of them, deny they are "RICO Defendants"

18 and/or that they were part of a "RICO enterprise" as alleged, and deny each and

19 every allegation of paragraph 281.

20       282.   Defendants deny that Defendants have engaged in any activity which

21 may be construed as a violation of RICO and/or deny that Defendants have engaged

22 in any activities whatsoever which may be construed as a racketeering activity,

23 involuntary servitude, forced labor, trafficking, peonage, slavery, and/or unlawful

24 conduct with documents, and correspondingly deny paragraph 282, which purports

25 to be a statement of law that allegedly applies to Defendants and/or Plaintiff herein.

26 Defendants further

27

28

ANSWER TO SECOND AMENDED COMPLAINT

283.   Defendants, and each of them, deny they are "RICO Defendants" and/or that they were part of a "RICO enterprise" as alleged, and deny each and every allegation of paragraph 283.

284.   Defendants deny that Defendants have engaged in any activity which may be construed as a violation of RICO, and correspondingly deny paragraph 284, which purports to be a statement of law that allegedly applies to Defendants and/or Plaintiff herein.

285.   Defendants, and each of them, deny they are "RICO Defendants" and/or that they were part of a "RICO enterprise" as alleged, and deny each and every allegation of paragraph 285.

286.   Defendants deny each and every allegation of paragraph 286 and deny that Plaintiff sustained any harm whatsoever as a result of any actions on the part of Defendant(s).

287.   Defendants deny that Defendants have engaged in any activity which may be construed as a violation of RICO, and correspondingly deny paragraph 287, which purports to be a statement of law that allegedly applies to Defendants and/or Plaintiff herein.

288.   Defendants deny each and every allegation of paragraph 288 and deny that Plaintiff is entitled to an award of damages, treble damages, attorney's fees and/or any relief whatsoever.

### [Plaintiff's] PRAYER FOR RELIEF

In answer to Plaintiff's PRAYER FOR RELIEF and each portion thereof, Defendants allege that the allegations set forth therein are arguments or conclusions of law to which no response is required. To the extent the allegations in Plaintiff's PRAYER FOR RELIEF are factual in nature or an answer to Plaintiff's prayer otherwise is required, Defendants deny each and every such allegation, and deny that Plaintiff is entitled to the relief prayed for and/or any relief whatsoever.

## **DEFENDANTS' ADDITIONAL OR AFFIRMATIVE DEFENSES**

As separate and additional defenses to the Second Amended Complaint and each cause of action, claim, and allegation contained therein, and without waiving or excusing Plaintiff's burden of proof, or admitting that Defendants have any burden of proof whatsoever, Defendants, and each of them, allege as follows:

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State Cause of Action)**

As a first and separate affirmative defense, Defendants allege that the Second Amended Complaint, and each and every cause of action or purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action or claim for relief against Defendants, and each of them.

## **SECOND AFFIRMATIVE DEFENSE**

### **(Estoppel and Judicial Admissions)**

As a second and separate affirmative defense, Defendants allege that by her own acts and/or omissions, including her own statements and pleadings to the court, Plaintiff is estopped from recovering at all against Defendants, and each of them.

## **THIRD AFFIRMATIVE DEFENSE**

### **(Failure to Exercise Ordinary Care)**

As a third and separate affirmative defense, Defendants allege that, at all times and places alleged in the Second Amended Complaint, Plaintiff failed to exercise ordinary and reasonable care on her own behalf, and such negligence and carelessness was proximate cause of some portion, up to and including the whole of her own alleged injuries and damages, if any, and Plaintiff's recovery, therefore, should be barred and/or reduced according to law, up to and including the whole thereof.

/ / /

/ / /

/ / /

### FOURTH AFFIRMATIVE DEFENSE

#### (Waiver)

As a fourth and separate affirmative defense, Defendants allege that Plaintiff, by her own acts and/or omissions, has waived her rights, if any, to recover against Defendants.

### FIFTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

As a fifth and separate affirmative defense, Defendants allege that Plaintiff has failed to mitigate her damages, if any, in connection with the matters referred to in the Second Amended Complaint and that such failure to mitigate bars and/or diminishes Plaintiff's recovery, if any, against Defendants.

### SIXTH AFFIRMATIVE DEFENSE

#### (Uncertainty)

As a sixth and separate affirmative defense, Defendants allege that the causes of actions in the Second Amended Complaint, and each of them, are uncertain and ambiguous as to Plaintiff's claim for damages against Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Failure of Others to Exercise Reasonable Care)

As a seventh and separate affirmative defense, Defendants allege that if Defendants are subjected to any liability herein, it will be due in whole, or in part, to the acts and/or omissions of other third parties, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

As an eighth and separate affirmative defense, Defendants allege that the Second Amended Complaint, and each cause of action, purported cause of action, and claim for relief contained therein, is barred by all applicable statutes of

limitation, including but not limited to Code of Civil Procedure sections 337, 338,339, and 340.

## NINTH AFFIRMATIVE DEFENSE

### (Defendants Exercised Reasonable Care)

As a ninth and separate affirmative defense, Defendants allege that, at all times relevant herein, Defendants exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the alleged acts or allegations in connection with the conditions which are the subject of the Second Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

As a tenth and separate affirmative defense, Defendants allege that at all times herein mentioned, Plaintiff, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed any and all risks attendant upon her conduct, including any purported damages alleged to be related thereto and proximately caused thereby.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Intervening Acts of Others)

As an eleventh and separate affirmative defense, Defendants allege that the injuries and damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a twelfth and separate affirmative defense, Defendants allege that by reason of her conduct, Plaintiff is barred by the Doctrine of Unclean Hands from taking any relief sought in the Second Amended Complaint by engaging in illegal activity, including securing an illegal marriage to gain access to the United States.

ANSWER TO SECOND AMENDED COMPLAINT

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Representations True)

As a thirteenth and separate affirmative defense, Defendants allege that any statements of fact or opinion made by Defendants were true, or if not true, were reasonably believed to be true at the time they were made.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Conduct Was Justified and Privileged)

As a fourteenth and separate affirmative defense, Defendants are informed and believe and thereon allege that the conduct of Defendants in regard to the matters alleged in the Second Amended Complaint was justified and privileged, and by reason of the foregoing, Plaintiff is barred from any recovery against Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Consent)

As a fifteenth and separate affirmative defense, Defendants allege that Plaintiff, or Plaintiff's agents, consented to Defendants' alleged conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Prevention/Frustration of Performance)

As a sixteenth and separate affirmative defense, Defendants are informed and believe, and on that basis allege, that Plaintiff prevented and/or frustrated Defendants' performance arising out of any and all agreements and/or induced Defendants' nonperformance, thereby barring any right to recover by Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

As a seventeenth and separate affirmative defense, Defendants allege that Plaintiff's claims are barred by the doctrine of unjust enrichment in that Plaintiff participated in the alleged wrongdoing, including by illegally securing a marriage so that she could gain access to the United States and, thus, is not entitled to benefit by her wrongful conduct.

1     **EIGHTEENTH AFFIRMATIVE DEFENSE**

2     **(Offset)**

3        As an eighteenth and separate affirmative defense, Defendants allege that

4 Plaintiff's recovery, if any, must be offset by any amounts due and owing to

5 Defendants.

6     **NINETEENTH AFFIRMATIVE DEFENSE**

7     **(Fraud/Deceit by Plaintiff)**

8        As a nineteenth and separate affirmative defense, Defendants allege that

9 Plaintiff obtained Defendants' consent to assist her through fraud, deceit, or

10 misrepresentation, thus barring Plaintiff's claims, in whole or in part, against

11 Defendants.

12     **TWENTIETH AFFIRMATIVE DEFENSE**

13     **(Laches)**

14        As a twentieth and separate affirmative defense, Defendants allege that

15 Plaintiff's claims are barred in whole or in part by the doctrine of laches.

16     **TWENTY-FIRST AFFIRMATIVE DEFENSE**

17     **(In Pari Delicto)**

18        As a twenty-first and separate affirmative defense, Defendants allege that

19 Plaintiff at all times acted *in pari delicto* in that Plaintiff at all times bore

20 substantially equal responsibility for her alleged injury and/or otherwise engaged in

21 illegal activity, including illegally securing a marriage in order to gain access to the

22 United States.

23     **TWENTY-SECOND AFFIRMATIVE DEFENSE**

24     **(Family Member)**

25        As a twenty-second and separate affirmative defense, Defendants allege that

26 Plaintiff at all times was a family member by virtue of her marriage to Lam Sin

27 Yam, engaging in activities necessary to the family, and as a result of her status as

28 such, was not otherwise protected by state and/or federal labor laws.

1         **TWENTY-THIRD AFFIRMATIVE DEFENSE**

2             **(Additional Defenses)**

3      As a twenty-third and separate affirmative defense, Defendants allege that
4 they may have additional defenses that cannot be articulated due to Plaintiff's failure
5 to particularize her claims, due to the fact that Defendants do not have copies of
6 certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to
7 provide more specific information concerning the nature of the damage claims and
8 claims for certain costs which Plaintiff alleges that Defendants may share some
9 responsibility. Defendants, therefore, reserve the right to assert additional defenses
10 upon further particularization of Plaintiff's claims, upon examination of the
11 documents provided, upon discovery of further information concerning the alleged
12 damage claims and claims for costs, and upon the development of other pertinent
13 information.

14        **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

15           **(Right to Amend Answer)**

16      As a twenty-fourth and separate affirmative defense, Defendants reserve the
17 right to amend this answer herein, including the addition of affirmative defenses
18 after pleading and discovery in preparation for trial.

19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1    WHEREFORE, Defendants, and each of them, pray for judgment against

2  Plaintiff as follows:

3    1.  That Plaintiff takes nothing by way of her action;

4    2.  That Plaintiff's Second Amended Complaint otherwise be dismissed with

5        prejudice;

6    3.  That Defendants be awarded costs of suit incurred herein; and

7    4.  For such other and further relief as the Court deems just and proper.

8

9                    **<u>DEMAND FOR JURY TRIAL</u>**

10    Defendants hereby demand a jury trial pursuant to Rule 38 of the Federal

11  Rules of Civil Procedure as to all issues in this lawsuit.

12

13                                          Respectfully Submitted,
                                            SCHUCHERT, KRIEGER, TRUONG
14  DATED: December 5, 2017                 SPAGNOLA & KLAUSNER, LLP

15

16                                          __/s/Eliot F. Krieger_____
                                            Eliot F. Krieger, P.C.
17                                          Heidi Stilb Lewis
                                            Christopher L. Wong
18                                          Attorneys for Defendants
                                            LAM SIN YAM; RAY LIM;
19                                          TIFFANY NGO; NGO ASSET
20                                          MANAGEMENT, LLC;
                                            TIFFANY NGO IN HER CAPACITY
21                                          AS TRUSTEE OF THE TIFFANY
22                                          NGO LIVING TRUST UTD; CRUISE
                                            THRU DAIRY D/B/A CRUISE THRU
23                                          DAIRY, VALERO MART INC.
24                                          D/B/A VALERO MART/ARCO
                                            MARKET INC., and TIFFANY NGO
25                                          D/B/A SPEEDY WASH
26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is Schuchert, Krieger, Truong, Spagnola & Klausner, LLP, 2 Park Plaza, Suite 900, Irvine, CA 92614.

I hereby certify that a true and correct copy of the above and foregoing document(s) have been served on December 5, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5-3.2.3. All other parties who have not consented to electronic service via the Court's CM/ECF system will be served by the following method:

[X] (BY U.S. MAIL) I caused such document(s) to be deposited with the U.S. Postal Service by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California, addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[  ] (BY OVERNIGHT DELIVERY) I caused such document(s) to be deposited in a sealed envelope for collection and overnight delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices, addressed as set forth below. I am readily familiar with the firm's practice of collection and processing packages for overnight delivery by Federal Express.

Cindy Kanya Chan
9463 Arkansas Street
Bellflower, CA 90706

Molica Ratha Keo
2550 Chestnut Ave.
Long Beach, CA 90806

Naing Lam Yam
2550 Chestnut Ave.
Long Beach, CA 90806

Nivodeth Khiev
2550 Chestnut Ave.
Long Beach, CA 90806

-1-

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 5, 2017, at Irvine, California.

/s/Lucy Tom
Lucy Tom

PROOF OF SERVICE
Case No. 2:17-cv-04325-VAP-AGR